OLIVER S. DRAPER et al., Appellants, *v.* THE OSWEGO COUNTY FIRE RELIEF ASSOCIATION, Respondent.

1. INSURANCE (FIRE) — WHEN PROVISION OF POLICY CONSTITUTES AN EXCEPTION FROM RISK INSURED, NOT A CONDITION WORKING A FORFEITURE — DOCTRINE OF WAIVER NOT APPLICABLE THERETO. A provision in the by laws of a co-operative fire insurance association, that the association will "not be liable for any loss resulting from any open fire, built by the insured with his knowledge or consent, within fifty feet from any insured building," is not a condition, the breach of which works a forfeiture; it is simply an exception from the risk insured against, and the policy remains in full force and effect unless, and until, the property insured is destroyed by the excepted cause; the doctrine of waiver has no application, therefore, to such exception, and where property has been destroyed by fire resulting from the excepted cause the insured cannot recover upon the ground that the insurer has waived the exception by an act subsequent to the fire, but must establish that in some way the obligation of the insurer was so extended as to include a loss resulting from the excepted cause, or establish that the insurer has estopped itself from denying that the loss fell within the terms of the policy by some action or conduct which has misled the insured to his injury.

2. SAME — ACTION TO RECOVER LOSS RESULTING FROM EXCEPTED CAUSE — WHEN ASSOCIATION NOT ESTOPPED FROM DENYING THAT LOSS FELL WITHIN TERMS OF THE POLICY. The facts examined, in an action brought upon a policy issued by such association to recover for a loss

resulting from a cause excepted from the risk insured against, in which action the insured contended that the association was estopped from availing itself of the defense that the loss did not fall within the terms of the policy because the association, having knowledge of the cause of the fire, had required the insured to go to the expense of preparing proofs of loss and of attending a meeting of the board of directors of the association to be examined as to the loss, and *held*, that the facts were not sufficient to estop the association from denying that the loss fell within the terms of the policy.

*Draper* v. *Oswego Co. Fire Relief Assn.*, 115 App. Div. 807, affirmed.

(Argued October 23, 1907; decided November 19, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 19, 1906, which reversed a judgment in favor of plaintiffs entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving G. Hubbs* for appellants. The company having elected to examine the insured at Oswego, thereby putting him to trouble and expense, waived its right to claim the invalidity of the policy as to all facts within its knowledge at the time. (*Wise* v. *P. Ins. Co.*, 18 Wkly. Dig. 128; 101 N. Y. 637; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Pratt* v. *D. H. Ins. Co.*, 130 N. Y. 206; *Nugent* v. *M. Ins. Co.*, 106 App. Div. 308; *Marshall* v. *Ins. Co.*, 106 App. Div. 308; *Roby* v. *Ins. Co.*, 120 N. Y. 510; *McNally* v. *Ins. Co.*, 137 N. Y. 396; *Lobee* v. *Ins. Co.*, 12 Misc. Rep. 499; *Harrington* v. *Ins. Co.*, 21 N. Y. Supp. 31; *Walker* v. *Ins. Co.*, 156 N. Y. 635.)

*S. C. Huntington* for respondent. There is no evidence of waiver. (*Nelson* v. *T. Ins. Co.*, 181 N. Y. 472; *Allen* v. *Ins. Co.*, 123 N. Y. 6; *Matter of Atty.-Gen.* v. *C. L. Ins. Co.*, 93 N. Y. 70; *Olmstead* v. *F. M. Ins. Co.*, 50 Mich. 207.) This is not the ordinary case of waiver or forfeiture, and the usual technical rules do not apply. This is a case of excepted

risk never assumed by defendant.    (*Jones* v. *H. Ins. Co.*, 117
N. Y. 107; *Matson* v. *F. B. Ins. Co.*, 73 N. Y. 310; *Ins.
Co.* v. *Boon*, 95 U. S. 117; 1 Joyce on Ins. 22; *Sklencher* v.
*Fire Assn.*, 72 N. J. L. 48; 4 Cooley on Ins. 3064; May on
Ins. [4th ed.] § 426; *Curry* v. *Comm. Ins. Co.*, 10 Pick. 535;
*M. Ins. Co.* v. *Hodge*, 149 Ill. 298.)

CULLEN, Ch. J.    This action was brought to recover upon
a fire insurance policy issued by the defendant, which is a
corporation incorporated under the provisions of chapter 362,
Laws of 1880, entitled " An act to provide for the formation
of county co-operative insurance companies."    The 7th
by-law of the defendant, which was printed in full on the
policy, provided : " Where fire is used in any building upon
the premises within one hundred feet of any insured building
for the purpose of making sugar or stripping tobacco or
curing hops or drying apples this association will not be liable
for any loss resulting from such fire.    Nor will this associa-
tion be liable for any loss resulting from any open fire, built
by the insured with his knowledge or consent, within fifty
feet from any insured building."    On April 24th, 1905, the
plaintiffs' buildings were destroyed by fire.    The fire was
caused by a spark from an open fire (bonfire) which the plain-
tiffs ignited to burn up rubbish and which fire was forty feet
distant from the barn.    Section 10 of the by-laws provided :
" In case of loss by fire or lightning the loser shall give notice
to the secretary and director of the subordinate grange and
said director shall notify the directors of two adjoining
granges within five days, whereupon the said directors shall
proceed to examine the loss or damage and to adjust the same.
In case the parties cannot agree then said directors shall notify
the president, who shall call the board of directors together
to adjust the same and their decision shall be final."    Three
of the defendant's board of directors went to the place of the
fire for the purpose of adjusting the loss.    They found that
the fire was set within fifty feet of the barn and told Draper
that they could not adjust the loss, but would make out proofs

of loss so they could be presented to the board of directors. Proofs of loss were made and verified by Draper and by him sent by mail to Welling, the secretary of the defendant. Thereafter a meeting of the board of directors was called and Potter, one of the directors, wrote to the plaintiff Draper informing him of the date of the meeting and stating that the directors desired him to be present. Draper went forty miles to Oswego, the place of the meeting, paying his fare both ways, attended the meeting, was examined as to the loss and told that he could be excused. No formal action in relation to the adjustment of the loss by the board of directors appears to have been taken. Nothing further was done and this action to recover the loss was commenced. At the close of the evidence the defendant moved to dismiss the complaint, which motion being denied and exception to that ruling taken, the cause was submitted to the jury, which found a verdict for the plaintiffs. The learned trial judge charged that lighting the bonfire was a breach of the condition of the policy and the plaintiffs could not recover unless the jury should find the defendant had waived that breach. He said : " It was a condition made for its benefit, and if, for one reason or another, it chose to say, ' We will not defend ourselves because of the breach of that condition ; we will allow you to build a fire as you did, and will pay you in case a loss results,' then the plaintiffs may recover notwithstanding the breach of that condition. Such a waiver may be made by express language to that effect, or the company may make such a waiver by acts from which the intention to waive may be inferred or from which a waiver follows as a legal result. Where, after knowledge of the forfeiture of a policy the insurer recognizes its continued validity, does acts based thereon, and requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as a matter of law waived, and such a waiver need not be based upon any new agreement or upon estoppel. It exists when there is an intention to waive unexpressed but clearly to be inferred from the circumstances,

or when there is no such intention in fact but the conduct of the insurer has misled the insured into acting upon a reasonable belief that the company has waived some provision of the policy." Waiver was the only issue submitted to the jury and to the submission of that issue the defendant excepted. The Appellate Division reversed the judgment entered upon the verdict and the order denying defendant's motion for a new trial, the order of reversal stating that it was made upon questions of law only, the facts having been examined and no error found therein.

The law as to what constitutes a waiver was correctly laid down by the trial judge substantially in the language used by this court in *Kiernan* v. *Dutchess County Mut. Insurance Company* (150 N.Y. 190) and repeated in *Walker* v. *Phœnix Insurance Company* (156 N.Y. 628). But the question remains whether the doctrine of waiver is applicable to this case. While that doctrine and the doctrine of equitable estoppel are often confused in insurance litigation, there is a clear distinction between the two. A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage. As said by my brother Vann in the *Kiernan* case : "The law of waiver seems to be a technical doctrine, introduced and applied by the courts for the purpose of defeating forfeitures  *  *  *. While the principle may not be easily classified, it is well established that if the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to abandon or not to insist upon the particular defense afterwards relied upon, a verdict or finding to that effect establishes a waiver, which, if it once exists, can never be revoked." The doctrine of equitable estoppel, or estoppel *in pais,* is that a party may be precluded by his acts and conduct from asserting a right to the detriment or prejudice of another party who, entitled to rely on such conduct, has acted upon it. The rule, prevailing in this state, that an insurance company will not be permitted to defeat a recovery on a policy issued by it by proving the existence of facts which render it void where it had full knowledge of the

facts when the policy was issued (*Robbins* v. *Springfield F. & M. Ins. Co.*, 149 N. Y. 477), rests rather on the doctrine of estoppel than on that of waiver.   As already said, the doctrine of waiver is to relieve against forfeiture; it requires no consideration for a waiver, nor any prejudice or injury to the other party.   The provision cited from the policy in this case, however, is not a condition the breach of which works any forfeiture. It is simply an exception from the risk insured against.   In other words, the policy does not cover a loss arising from any of the causes specified in the by-law ; but, nevertheless, it remains in full force and effect until the subject-matter of the insurance is destroyed.   During the burning of this bonfire had the plaintiffs' barn caught fire from any other cause, even from another bonfire more than fifty feet distant from the building, the plaintiffs would have been entitled to their insurance. (*Matson* v. *Farm Buildings Ins. Co.*, 73 N. Y. 310.)   To recover in this case it was, therefore, necessary for the plaintiffs to establish not that the defendant waived the breach of a condition of the policy, but that in some way the obligation of the defendant was so extended as to include loss from a bonfire situated within fifty feet of the insured buildings.   There is no pretense that any oral contract between the parties included such a loss, and hence there can be no right to a reformation of the policy.   The only other ground on which the plaintiffs could succeed was by establishing that the defendant has estopped itself from denying that the loss fell within the terms of the policy by some action or conduct which had misled the plaintiffs to their injury.

There is no evidence in the record to support such a claim. Shortly after the fire one of the plaintiffs was informed by the three directors who visited him that they could not adjust the loss because the fire was occasioned by a cause excepted from the policy.   They directed the preparation of proofs of loss and referred him to the board of directors.   This was the course of procedure prescribed by the by-laws.   There was no misrepresentation by any of the officers of the defendant.   The plaintiff knew how the fire was caused and his attention had been called

to the exceptions in the risks insured against. The expenditures incurred by him in preparing the proofs of loss and attending the meeting of the directors were made with full knowledge of the facts. It might have happened that the directors would allow or compromise his claim, at least, that was the only chance the plaintiffs had of being paid their loss in whole or in part. No expenses incurred in the plaintiffs' unsuccessful efforts can be justly charged to the action of the defendant.

The views we have expressed are supported by authorities in other states. In *Knights, etc.*, v. *Shoaf* (166 Ind. 367) a policy of a life insurance company excepted death during pregnancy. The insured died while pregnant. It was held that the limitation contained in the policy was an exception, not a condition, and that the doctrine of waiver had no application. In *McCoy* v. *N. W. M. R. Assn.* (92 Wis. 577) suicide was excepted in an insurance policy. Death having been caused by suicide, it was held that neither waiver nor equitable estoppel could uphold a recovery. We are not disposed to go to the length of the learned Supreme Court of Wisconsin, but are inclined to the opinion that an insurance company may estop itself from denying that an excepted cause of loss is covered by its policy. The Supreme Court of Indiana in the case cited from that state intimates the same view.

It has been suggested that, under the decision we are about to make, insurance companies, to avoid the law of waiver, will change the terms of their policies and, instead of inserting conditions the breach of which render a policy void, provide that in case of such a breach the policy shall not cover the loss. There is no such danger. A provision of the kind suggested would be just as much a forfeiture as if expressed in the form now in use, that the policy shall be void.

The order of the Appellate Division should be affirmed and judgment absolute entered against the plaintiffs on the stipulation, with costs in all courts.

GRAY, O'BRIEN, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.