Joseph Schichman, Plaintiff, v. The Commercial Travelers Mutual Accident Association of America, Defendant.

Supreme Court, Trial Term, Kings County, October 21, 1942.

*Moses, Nehrbas & Tyler* for defendant.

*Lester Grossman* for plaintiff.

HOOLEY, J. This action was brought by plaintiff to recover $5,000 alleged to be due to him under a certificate of membership issued by the defendant corporation, whereunder he was insured, among other things, against the loss of a leg caused solely and exclusively by external, violent and accidental means, *provided that such loss occurred within 90 days after the accident which caused it.* It is conceded by plaintiff that the amputation took place 108 days after the accident.

The jury has resolved in favor of the plaintiff the issue as to whether the loss of the leg was the direct proximate result occasioned solely and exclusively from violent, external and accidental means, and the defendant's motion to set that verdict aside on all the grounds set forth in section 549 of the Civil Practice Act, except inadequacy, has been denied.

This leaves for disposition the questions of law arising herein and on which the court reserved decision at the end of the plaintiff's case and at the end of the whole case with the consent of the parties.

The court grants the motion of the plaintiff that the letters of plaintiff's counsel to the defendant, dated June 28, 1941, and July 3, 1941, be received and marked in evidence. These letters have nothing whatsoever to do with the issue before the jury and are received at this time so that the court will have before it everything that will help in any way in deciding the questions of law involved.

The court has examined the 90-day clause and finds that there is no ambiguity therein as claimed by plaintiff. In this connection the plaintiff raises a further question with respect to the fact that the certificate of insurance contains a 90-day limitation with respect to the type of injury involved herein which was not contained in the application for this certificate of insurance. The answer to this is that although the applicant's attention is called to certain matters in the application, no effort was made to incorporate the entire contract therein and calling attention to certain provisions is no waiver of other provisions.

The court is also of the opinion that section 164 of the Insurance Law (added by L. 1940, ch. 520) has no application. The certificate of insurance was dated June 20, 1923. The various

payments made by the assured from time to time do not constitute renewals of such certificate. Rather, the certificate is a continuing proposition and under it the assured is obligated to pay certain yearly assessments and annual dues and such other assessments as may be levied by the corporation. Plaintiff has indicated no section of the Insurance Law of 1940 which would abrogate policies theretofore made.

Plaintiff's counsel has also argued that the form of the certificate violates a requirement of section 107 of the Insurance Law as it was in force at the time the certificate was issued. He has in mind clause (6), subdivision (b), of said section which refers to the method of printing in the policy exception clauses which purport to reduce the amount of any indemnity stated. However, the answer to this contention is that section 107 of the old Insurance Law is contained in article 2 of that law and is expressly made applicable only to policies issued by a corporation organized under article 2. The defendant corporation herein was organized under article 6 of the old Insurance Law. That article required that corporations of the type involved herein should have the form of insurance certificate approved by the Superintendent of Insurance. That was done in the present case and therefore the defendant corporation complied fully with the Insurance Law in connection with the issuance of the certificate of insurance.

The final contention of plaintiff is that defendant waived the right to interpose as a defense that the amputation of the leg occurred more than ninety days after the accident. The claim of waiver is based on the fact that at the time the defendant denied liability on its certificate of insurance it did so solely on the ground as set forth in its letter of July 8, 1941, " * * * that the Board of Directors disallowed his claim on the ground that information indicated that his loss was not due to bodily injuries from violent, external and accidental means solely and exclusively." It was not until after suit was commenced that defendant interposed the defense that the amputation occurred more than ninety days after the happening of the accident and was, therefore, not covered by the policy.

The court is of the opinion that defendant has not waived such defense. It has always been a principle of the law of insurance that forfeitures are not looked upon with favor and the doctrine of waiver was evolved in order to obviate forfeitures which seemed unfair to the court. The doctrine obviously has no application to a situation where the loss sued upon is not covered by the policy. (*Palumbo* v. *Metropolitan*

*Life Ins. Co.,* 293 Mass. 35; *Draper* v. *Oswego County Fire Relief Ass'n.* 190 N. Y. 12.) For a case directly in point with the situation present in this case, see *Thompson* v. *Iowa · State Traveling Men's Ass'n* (179 Iowa 603).

The plaintiff has submitted many cases wherein insurance companies have been held liable through waivers. In all of those cases there is the feature that there was liability on the policy but, because of some technical failure on the part of the plaintiff to present proofs in time or to act promptly in connection with making claim, plaintiffs were permitted to recover notwithstanding such failure. In those cases plaintiffs were misled to their prejudice and the courts held that defendants waived the conditions of the policy or were estopped from setting up same. Such is not the case here.

Accordingly the motion to dismiss the complaint is granted and necessarily the verdict is set aside.

(On reargument, December 3, 1942.)

Motion for reargument of a motion made by the defendant to set aside a verdict and to dismiss the complaint. The jury, by its verdict, established that the loss of the leg and the resulting disability were caused solely and directly by the accident. That was the only issue submitted to it. The court, however, set aside the verdict and dismissed the complaint upon the ground that there was no liability under the policy for the amputation of the leg, it appearing that the leg was not amputated within ninety days of the time of the accident as specified in the policy. Upon this application the plaintiff also seeks to amend the complaint so as to conform the same to the proof by setting up a second cause of action for the disability payments.

The contention of the plaintiff is that instead of setting aside the verdict in its entirety, at most the verdict should have been reduced to the amount of $1,500, to cover the disability payments set forth in the policy.

Under the policy, $5,000 was payable for the loss of the leg and that amount could be recovered only if the amputation caused by the accident occurred within the period above specified. The policy also provided for payment of $50 per week during the period that the insured was wholly disabled and prevented from the prosecution of his employment, not exceeding 104 weeks.

The policy provided that any disability payments made should be deducted from the $5,000 payment for the loss of the leg.

There was proof given upon the trial that plaintiff first returned to his business, following the accident, on July 26, 1941, and the jury might have found that for 30 weeks the plaintiff was wholly disabled and prevented from performing the duties of his occupation, had that issue been submitted to it.

The original complaint set forth the issuance of the policy, which was made part of the complaint, the accident and the loss of the leg, and demanded judgment in the sum of $5,000.

The plaintiff in this case has paid premiums to the defendant for a considerable number of years and the defendant was under the legal obligation to pay him for the period of disability provided the plaintiff complied with the provisions of the policy with respect to the making of the claim and proof of loss. In the opinion of the court, under the facts in this case, it is still under the moral obligation so to do. However, this is a legal forum and the court reluctantly is constrained to decide adversely to the contention of the plaintiff.

The court is asked to reconsider its action in setting aside the verdict and at most to reduce the verdict to the sum of $1,500, but the difficulty is that there was no issue of disability payments involved in the trial of the case, in the submission to the jury or in its verdict. The manner in which the complaint was framed and in which the case was tried by counsel and submitted by the court to the jury involved one question of fact only and that was as to whether or not the loss of the leg was the result of an accident and the jury was told that if it found that the loss of the leg was the result of an accident it should bring in a verdict for the plaintiff for $5,000, otherwise a verdict for the defendant. It may well be that the defendant would have offered some proof with regard to the extent of the disability and its duration if it had known upon the trial that it was called upon to meet that issue or that there was any possibility of the jury's being permitted to render a verdict on the question of the existence or duration of such disability.

There is a liberal attitude on the part of courts toward motions to amend pleadings and in this particular case the court would strain toward liberality. Nevertheless this motion is made after the rendition of a verdict and it seeks to impose a liability upon the defendant which, in the opinion of the court, it did not have a fair chance to litigate.

Motion for the reargument granted, and upon such reargument the court adheres to its original decision. Motion otherwise denied.