JOSEPH SHICHMAN, Appellant, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

Second Department, January 31, 1944.

*Lester Grossman* for appellant.

*Charles J. Nehrbas* for respondent.

*Per Curiam.* The policy provided that the insurer would be liable only for losses which occurred within ninety days of an accident. The proof was that the insured suffered the amputation of his right leg but that such amputation occurred one hundred eight days after the happening of the accident. The insurer rejected the claim of the plaintiff upon the ground that the injuries suffered were not the result solely and exclusively of accidental means. · The plaintiff thereupon started an action and the insurer, in its answer, denied the allegation that the injury had resulted solely and exclusively from accidental means, and also set up as a separate defense that the loss of the leg did not occur within ninety days of the accident. An insurance company may, by acts inconsistent with any other intention, waive its right to insist on a particular defense, even of a lack of coverage. (See *S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.,* 255 N. Y. 69.) The defendant here, however, by specifying the broader defense cannot be said, as a matter of law, to have taken a position inconsistent with an intention also to insist upon the ninety-day limitation. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.,* 222 N. Y. 34, 37; *Draper* v. *Oswego County Fire Relief Assn.,* 190 N. Y. 12, 16.) Inasmuch as the defendant denied its obligation under the policy and did nothing which indicated that it recognized the validity of the claim in any respect, the insured was not misled to his prejudice because he had to sue to attempt to enforce the alleged claim. The assured was promptly notified of defendant's determination and defendant's position was consistent throughout. (Cf. *Brink* v. *Hanover Fire Ins. Co.,* 80 N. Y. 108.) Nor may plaintiff be heard to say that he is now precluded from bringing an action on the disability features of the policy because of the time limitations contained therein since, had he so desired, he had an opportunity to move to amend the complaint prior to or during the course of the trial and thus to litigate that question.

The order and judgment should be affirmed, with costs.

CLOSE, P. J., HAGARTY, JOHNSTON, ADEL and LEWIS, JJ., concur.

Order on reargument and judgment entered thereon unanimously affirmed, with costs. [See *post,* p. 906.]