The People of the State of New York, Respondent, v. Edward Johnson, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of grand larceny in the first degree, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ. [See *post*, p. 784.]

The People of the State of New York, Respondent, v. Dominick McDermott, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of grand larceny in the first degree, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ. [See *post*, p. 784.]

The People of the State of New York, Respondent, v. Peter Rega, Appellant. The People of the State of New York, Respondent, v. Henry Hendrickson, Appellant. The People of the State of New York, Respondent, v. George Loesch, Appellant. The People of the State of New York, Respondent, v. Arthur Werner, Appellant.— Defendants appeal from a judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, borough of Brooklyn, convicting them of a violation of section 986 of the Penal Law (book-making), and sentencing each of them to pay a fifty dollar fine, and to serve thirty days in jail, the execution of the jail sentence being suspended. · Judgment unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

The People of the State of New York, Respondent, v. Frank N. Taras, Appellant.— By a decision of this court dated March 8, 1945 (*ante*, p. 694), the appellant's right upon appeal from the amended judgment of conviction was limited to a review of the legality of the resentence contained therein. As so limited, the amended judgment is affirmed. No opinion. Close, P. J., Carswell, Johnston and Lewis, JJ., concur; Hagarty, J., dissents and votes to dismiss the appeal. (See dissenting opinion in *People* v. *Rozea*, 267 App. Div. 569, 571.)

The People of the State of New York, Respondent, v. Arthur C. Weismantel, Appellant.— Judgment of the Court of Special Sessions of the City of New York, borough of Queens, convicting defendant of a violation of section 483 of the Penal Law, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

Rodolfo Ricca, Appellant, v. Brady & Gioe, Inc., Respondent.— Plaintiff appeals from an order denying his motion for a new trial on the ground of newly discovered evidence, and to set aside the verdict of the jury for the reason that one of defendant's witnesses testified falsely on the trial. On the argument of this appeal appellant waived all claims of right to a new trial on the ground of newly discovered evidence. Order unanimously affirmed, without costs and without opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

Fannie M. Rosenblat, Respondent, v. Cornell Contracting Corporation, Appellant, et al., Defendants.— Action to recover damages for injury to plaintiff's real property during the construction of a city subway in the borough of Brooklyn by appellant. Order denying appellant's motion to dismiss the complaint because of plaintiff's alleged unreasonable neglect to prosecute the action affirmed, without costs. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post*, p. 755.]

Elsie F. Runne, Respondent, v. Cornell Contracting Corporation, Appellant, et al., Defendants.— Action to recover damages for injury to plaintiff's

real property during the construction of a city subway in the borough of Brooklyn by appellant. Order denying appellant's motion to dismiss the complaint because of plaintiff's alleged unreasonable neglect to prosecute the action affirmed, without costs. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post,* p. 755.]

ISABEL SCHIFTER, Respondent, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Action by beneficiary named in a policy of accident insurance to recover thereunder for the death of the insured in an airplane crash. Order granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice and denying defendant's cross motion for similar relief, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

LOUISE SCHNITTKA, an Incompetent, by MARY SCHNITTKA, Her Guardian ad Litem, Appellant, et al., Plaintiffs, v. BROOKLYN BUS CORPORATION et al., Respondents.— Plaintiff, an incompetent, through her guardian ad litem seeks to recover damages for personal injuries sustained when a trolley car, in which she was a passenger, collided with a bus at a street intersection. The jury rendered a verdict in her favor, which, upon motion of defendants, the trial court set aside as against the weight of the evidence. From the order setting aside the verdict, plaintiff appeals. Order unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

LIZZIE TENNE, Respondent, v. CORNELL CONTRACTING CORPORATION, Appellant, et al., Defendants.— Action to recover damages for injury to plaintiff's real property during the construction of a city subway in the borough of Brooklyn by appellant. Order denying appellant's motion to dismiss the complaint because of plaintiff's alleged unreasonable neglect to prosecute the action affirmed, without costs. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post,* p. 755.]

NATHAN B. WEINER, Appellant, v. DAIRYMENS LEAGUE CO-OPERATIVE ASSOCIATION, INC., et al., Defendants, and AUGUST WEINER et al., Respondents.— Plaintiff was injured while riding as a passenger in an automobile owned by respondent August Weiner and operated by respondent Bernstein, which collided with a truck owned by defendant Dairymens League Co-Operative Association, Inc., and operated by defendant Ferrara. Plaintiff obtained a verdict against respondents for $1,000, which included $451 for medical and other expenses. Plaintiff appeals, contending that the verdict was inadequate. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless within twenty days from the entry of the order hereon respondents stipulate to increase the verdict to the sum of $2,000, in which event the judgment, as so increased, is unanimously affirmed, without costs. In our opinion, the verdict for $1,000 was inadequate. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

## (March 21, 1945.)

In the Matter of the Application of LAWRENCE S. APSEY for Admission to Practice as an Attorney. (From the State of Massachusetts.) — Application granted. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.