HELEN HORRMANN, Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Washington County, August 19, 1948.

*Arthur E. McCormick* for plaintiff.
*Francis E. Dorsey* for defendant.

IMRIE, J.   There is no material controversy as to the facts here.   Under date of October 7, 1935, defendant issued its Policy No. 9043406 on the life of Charles J. Horrmann, now deceased, naming Lillian Horrmann beneficiary.   By indorsement the plaintiff, insured's wife, was named as beneficiary.   The face amount of insurance was $5,000 with provison for an additional payment of $5,000 in event of death by accidental means.   The premium payable was stated to include a constant extra quarter-annual premium of $1.35 for the benefit in event of death by accidental means.   The clause as to benefit in event of death by accidental means read, " The amount of benefit in event of death by accidental means specified on the first page of this policy shall be payable in addition to the face amount of insurance, to the beneficiary or beneficiaries designated in said policy, immediately upon receipt of due proof that the death of the insured occurred during the continuance of said policy while there was no default in the payment of any premium, as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which,

except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and that such death occurred within ninety days of the accident, provided, however, that said benefit shall not be payable if such death resulted from suicide, while sane or insane; or from the inhaling of any kind of gas, whether voluntary or otherwise; or from being in military or naval service in time of war; or from operating, or riding in, any kind of submarine or aircraft except as a fare-paying passenger in a licensed passenger aircraft provided by an incorporated passenger carrier and operated by a licensed pilot on a regular scheduled flight over a regularly established air-route between definitely established airports; or from a state of war, riot or insurrection; or directly or indirectly from bodily or mental infirmity or disease in any form.''

Under date of September 25th insured wrote to defendant at its Hempstead office, referring to the policy as being taken out while he was a civilian and stating that he had received his commission as a Lieutenant (jg) U.S.N.R.; further, that he had been advised to obtain certain specified information concerning the policy. Then followed four questions, one of which was '' Are any of the provisions of the policy waived or modified by reason of the policyholder's participation in aviation activities? '' Under date of September 28, 1942, obviously in reply to the above letter, Mr. Lewis, superintendent at the Hempstead office, wrote to insured. The first paragraph of the latter letter referred to the primary death benefit. In its second paragraph the letter said, '' According to our records you have an additional clause in your policy covering accidental death. If you will read this clause it will state that this is not limited except that there is a few exceptions, but these clauses have always read the same whether during war times or otherwise and have not been changed for years.''

On February 19, 1946, near Woodstock, Ohio, insured met his death in the line of duty while operating and the sole occupant of a navy plane which crashed.

Defendant has paid the initial $5,000 benefit but refuses to pay the additional benefit for death by accidental means. Plaintiff, as beneficiary, brings this action to recover the further sum of $5,000.

Her contention is that the insured gave notice to defendant (by virtue of the notice to its accredited agent) that he was not only in military service but that he was about to engage in aviation activities and that, with such knowledge on the part of the

agent, chargeable to the principal, and in view of the letter of the agent Lewis, defendant has waived the exclusion or exception in case of death by accidental means, either " from being in military or naval service in time of war " or " from operating, or riding in, any kind of  *  *  *  aircraft except as a fare-paying passenger in a licensed passenger aircraft provided by an incorporated passenger carrier and operated by a licensed pilot on a regular scheduled flight over a regularly established air-route between definitely established airports ". Specifically, she does not claim an express waiver but, rather, an implied waiver or estoppel of defendant.

Defendant relies principally upon the fact that there is no question that the accidental death of the insured fell within the specific exception relating to operating or riding in an aircraft other than as permitted by the terms of the exception.

The policy which is the subject of this action is a formal written contract. There is no reference to or claim of any ambiguity in its terms. We have to presume that the deceased insured read it and was familiar with its provisions. Insofar as the provisions as to the additional benefit for accidental death are concerned, the agent Lewis specifically directed insured's attention to the exceptions in that particular clause.

Insured did clearly advise the agent that he was in the military service in time of war. He did not advise him that he was participating in aviation activities. He posed the question as to whether such participation would waive or modify the policy provisions, but there was no direct advice to the agent of such participation. Perhaps, and under appropriate conditions, such a question on the part of one stating that he had been commissioned in the navy might lead the person to whom the question was directed to make inquiry as to whether or not there was such participation.

At any rate, plantiff seeks her recovery here upon the theory that the insured directly advised defendant's agent of his naval service and by implication called the agent's attention to the fact that he either was or was about to engage in aviation activities; that the act of the defendant thereafter, and in the light of the notice imputed to it through its agent, in accepting the additional premium, waived, or estopped it from asserting, as defenses, the exceptions above referred to.

A distinction should be made between a policy contract of the type we are here considering and a contract for death or accident benefits carried by a member of a fraternal or mutual benefit

society by virtue of and contingent upon his membership and upon his conforming to certain rules and obligations. Here, substantially, the sole obligation of the insured was to pay his premiums promptly. The contract for which he was paying was complete and precise in its terms. To permit a recovery based upon accidental death while in the military service or while operating an aircraft (both specifically excluded from the contract as written) would require a modification of the original contract by way of an addition to the conditions under which the recovery could be had. The contract itself contained a specific limitation as to the means by which and the persons by whom such a modification could be made. Without such a modification it is clear that death by accidental means growing out of the insured " being in military or naval service in time of war " or " from operating, or riding in, any kind of  *  *  *  aircraft [except as permitted in the clause] " was not a risk assumed by the company.

It is of no moment that insured continued to pay and defendant to receive the additional premium, which was defined as a " constant extra quarter-annual premium ". Its payment during insured's period of naval service continued the additional coverage in all respects as originally written. It would seem, also, that it could have provided additional indemnity in the event of an accidental death having no connection with his naval service. At the end of his anticipated period of service he would thus have the additional indemnity for accidental death at a time when, perhaps, by reason of disability or bad health, he might not have been able to obtain any type of insurance. We cannot know what motivated him but it does not appear that he made any attempt to obtain an indorsement modifying the policy as to its wartime exceptions, as was done with the policy under consideration in *Schifter* v. *Commercial Travelers Mut. Acc. Assn.* (183 Misc. 74, affd. 269 App. Div. 706). The latter case is not in point. There an indorsement had modified the policy, substantially eliminating the exception applying to military service. The court held that, in the light of the general knowledge of the vast scope of the military training program, the insurer must be deemed to have known that those who entered the armed services were no longer free to choose their own occupations and, accordingly, that it must be presumed that, by the indorsement on the policy, insurer extended its coverage to assume the usual risks attendant upon military training.

It is not a question here of the defendant relinquishing a right or doing something to prevent its asserting such a right. It is

a question as to whether the court may declare that the defendant, in view of the knowledge imputed to it of insured's military service and its continued acceptance of the additional premium, has assumed a burden beyond that stated by the clear terms of the written policy.

Without attempting to distinguish between the characteristics and effects of implied waiver and estoppel, neither, singly or in combination, is sufficient to call into existence elements of contract not entered into between the parties, or to create a liability upon one of them contrary to and in addition to the express terms of the contract. This principle has been applied repeatedly to insurance contracts (16 Appleman, Insurance Law and Practice, § 9090, and cases there cited), and this in spite of the liberality shown by the courts in the construction of such contracts. (*Axelroad* v. *Metropolitan Life Ins. Co.,* 267 N. Y. 437, 443).

Were it not so, it is apparent that plaintiff has failed to show the necessary elements of either implied waiver or estoppel. Defendant's agent in replying to the letter of the insured, made no misleading representation. He gave no assurance which could reasonably lead to the belief that the company would modify the policy's exceptions. On the contrary, he directed insured's attention to the exceptions applying to the extended coverage for accidental death.

Defendant's motion for a dismissal of the complaint is granted.