Clare J. Hoyt, J.
This action for a declaratory judgment is brought to determine whether defendant American Motorists Insurance Co., hereinafter called American, and/or its agent defendant Mullin, hereinafter called Mullin, should defend a personal injury action pending against plaintiffs herein by defendants Dabrusin, and whether American and/or Mullin should pay within the limits of the policy of insurance issued to plaintiffs any judgment recovered by defendants Dabrusin against plaintiffs and any counsel fees incurred by plaintiffs in defense of this action by defendants Dabrusin and in the prosecution of this action.
The plaintiffs, both of whom are licensed real estate brokers, purchased their home in the Town of Newburgh in 1954. It is a one-story ranch-type house, the residence portion being joined to a two-car garage by a breezeway. In 1955 the breezeway was converted into a real estate office in which plaintiffs conducted their business. Separate entrances served the breezeway and the residence.
In March of 1958 plaintiff Cornelius Callahan went to the office of Mullin, a real estate broker and insurance agent, and discussed with him insurance coverage for plaintiffs’ property. Mullin, as an agent for American, procured a Homeowner’s Policy covering the period from March 19, 1959 to March 19, 1962. The policy excluded from its liability coverage “ any business pursuits of the insured, other than activities therein which are ordinarily incident to non-business pursuits ”. There was no discussion between plaintiff and Mullin concerning this exclusion or whether plaintiffs ’ coverage would or would not include business pursuits. Mullin knew that plaintiffs were conducting a real estate brokerage business at their residence.
On March 26, 1961 defendant Estelle Dabrusin, also a real estate broker, visited plaintiffs’ residence. Although her visit was not in furtherance of plaintiffs’ business, it resulted from that business. The plaintiffs and defendant Dabrusin each had open listings on a property that was listed for sale. The owner had delivered the key to plaintiffs, and upon defendant Dabrusin’s request for the key, the owner suggested she pick: it up from plaintiffs. Defendant Dabrusin called the plaintiff Aileen Callahan and arranged to come to the plaintiffs’ house to get the key. Defendant Dabrusin drove to plaintiffs ’ house, alighted *736 from her car and was going up on the porch to get the key when she allegedly tripped and fell. For her resultant injuries she and her husband brought the action against plaintiffs which has been stayed pending the disposition of this action.
Immediately after the accident, plaintiffs notified Mullin of the accident and he in turn promptly notified American. Within a week or so of the occurrence American commenced its investigation and secured signed statements from defendant Dabrusin and plaintiff Aileen Callahan. Thereafter and in November of 1961 American arranged to have defendant Dabrusin examined by American’s physician who sent his report to American.
Meanwhile and within a month after the accident defendant Dabrusin engaged counsel to represent her and on April 20, 1961 her attorney wrote plaintiffs advising that he was representing defendants Dabrusin and asked them to turn this letter over to their insurance carrier. Plaintiffs sent this letter at once to Mullin who promptly forwarded it to American.
Not until May 15, 1962 did American notify plaintiffs by registered letter that the “ policy does not cover this situation. We regret that we can not furnish coverage to you in this case ”. Reference was made to the exclusion regarding nonbusiliess pursuits. In December of 1962 when the summons and complaint in the Dabrusin suit were served on plaintiffs it was promptly forwarded to Mullin and by him to American. On December 26,
1962 American returned the summons and complaint to plaintiffs with the recommendation that it be referred to personal counsel since there was no coverage.
Plaintiffs claim American is liable on the policy for three reasons. First because Mullin, an authorized agent of American, knew of the business use on plaintiffs’ premises and, it is argued, he should have afforded them liability coverage for that use. Next plaintiffs aver that Mrs. Dabrusin’s claim was not excluded from the policy’s coverage. Finally, plaintiffs argue that American’s disclaimer was not timely and American should be estopped from asserting the defense of noncoverage.
The first two points require little discussion. Even though Mullin knew of plaintiffs’ business use of the premises, he was not bound, by reason of that knowledge, to be sure that plaintiffs were covered for all risks incident to the use of the premises. In the first -place there is nothing in the record to sustain a finding that plaintiffs made any request for liability coverage in connection -with their business use of the premises. Nor is there any evidence that Mullin was in fact or believed that he was the only agent or broker from whom plaintiffs sought insurance. Under the circumstances none of his actions — whatever his agency with American — bound American to issue a policy *737 not containing the business exclusion. (Cf. Miller Farms v. Smith, 24 A D 2d 776.) The policy as issued clearly contained the business exclusion. Plaintiffs had the policy and an opportunity to read it and to seek additional coverage if they felt it advisable. This was not done. On the second point there is no question that Mrs. Dabrusin’s accident was excluded from the policy’s coverage. Her visit to the plaintiffs’ premises was brought about by plaintiffs’ having a key in connection with their business. She needed the key for her business. Had plaintiffs’ business office been elsewhere the key would have been too and Mrs. Dabrusin’s trip to plaintiffs’ property to pick up the key would not have occurred. The increased risk attendant upon traffic that a business office generates was what American sought to and did exclude.
Estoppel will not, in this case, serve to extend the coverage afforded by American’s policy beyond what it contracted for. American contracted to insure plaintiffs against personal liability arising from the use of the insured premises only to the extent that such liability arose from nonbusiness activities. This exclusion was a limitation of the policy’s coverage.. If this limitation is ineffective then American is exposed to a risk it did not contract to insure against and for which it has not been paid a premium. In effect, plaintiffs seek to rewrite and broaden their contract with American by use of the doctrine of estoppel. American’s counsel argues that neither waiver nor estoppel is available to extend the coverage of an insurance policy to a risk expressly excluded therefrom. This is the majority view. (Ann. 1 ALB 3d 1139, 1147.) Estoppel in the sense it is used in the majority rule refers to equitable estoppel or estoppel in pais. Promissory estoppel that gives rise to a separate and distinct contract of insurance must be distinguished (Travelers Ind. Co. v. Holman, 330 F. 2d 142, 150-151 [C. A. 5th]). There is no basis for finding a promissory estoppel here. As to the general rule on equitable estoppel New York apparently adopts the minority view. Years ago the Court of Appeals refused to follow a Wisconsin case expressing the majority rule. Instead the court held “ that an insurance company may estop itself from denying that an excepted cause of loss is covered by its policy” (Draper v. Oswego County Fire Belief Assn., 190 N. Y. 12, 18). More recent statements on the issue still adhere to this view even though a question of coverage rather than violation of a forfeiture covenant (e.g., failure to co-operate) is the basis for an insurer’s disclaimer (O’Dowd v. American Sur. Co. of N. Y., 3 N Y 2d 347, 355; Moore Constr. Co. v. United States Fid. & Guar. Co., 293 N. Y. 119). Though two lower court cases have applied the general *738 rule (Horrmann v. Prudential Ins. Co., 192 Misc. 758 and Shichman v. Commercial Travelers Mut. Acc. Assn., 179 Misc. 761, 763-764), neither attempts to distinguish the Court of Appeals cases on the subject. Indeed the Appellate Division affirmance of the Shichman case (267 App. Div. 389) states that a carrier may by its conduct waive the right to assert non-coverage as a defense. Succinctly stated the New York rule is “ that when an insurer defends an action on behalf of an insured, in his stead, with knowledge of facts constituting a defense to the coverage of the policy, it is thereafter estopped from asserting that the policy does not cover the claim ’ ’ (O’Dowd v. American Sur. Co. of N. Y., supra, p. 355). But where the insurer’s defense of a claim is stopped by a disclaimer in time for the insured to have a full opportunity to defend the action there is no estoppel absent “ a showing that the delay in notification prejudiced the rights of the insured ” (O’Dowd, supra, p. 355).
American’s delay in notifying plaintiffs of its disclaimer was substantial, but plaintiffs have failed to establish that any prejudice was occasioned by the delay. Plaintiffs claim that they have been denied an opportunity to (1) conduct a physical examination of Mrs. Dabrusin, (2) obtain a statement from her, (3) obtain statements from the three people with Mrs. Dabrusin when she fell, (4) attempt to negotiate settlement and (5) obtain photographs of the scene. Certainly the opportunity to do these things existed immediately after the disclaimer was made known to plaintiffs and there is no evidence that any item not completed by them could not have been thereafter accomplished. American did in fact complete items 1 and 2, and their work product is available to plaintiffs. In short there is no showing that plaintiffs have changed their position to their detriment by reason of American’s conduct. Factually the circumstances presented are strikingly similar to Lavine v. Indemnity Ins. Co. (260 N. Y. 399, 409) where a finding of estoppel was overturned because the insurer’s conduct had not, in any way, prejudiced the plaintiff. Trial Term’s decision in Lavine is reported in 142 Misc. 422. The court found (p. 426) that the insurer was promptly notified of the accident that gave rise to the claim; that it immediately had in its possession the facts upon which it later based its disclaimer ; that, nevertheless, the insurer investigated the accident and interviewed witnesses without a reservation of right while, at the same time, preventing the assured from attempting to negotiate a prompt and perhaps advantageous settlement by reason of the policy covenant that the assured shall *739 make no settlement of any claim arising under it. In all nearly six months passed before the insurer disclaimed. The considerations that prompted the Court of Appeals to find these factors not prejudicial compel the same conclusion in this case. Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. (269 App. Div. 31) listed certain circumstances that, in that case, created a jury question as to whether the assured had been prejudiced by the insurer’s tardy disclaimer. Enumerated were withdrawal from the defense of the action when the liability case had reached the ready calendar resulting in what the assured’s privately retained counsel described as inadequate time to prepare a defense; lack of a reasonable opportunity to negotiate a settlement because of the ready status of the case; and lack of a reasonable opportunity to gather and preserve evidence and to institute certain pretrial procedures. There is no evidence to support a finding that the plaintiffs in this action were faced with any similar disabilities. Thus American is entitléd to judgment dismissing the complaint.
The claim against Mullin fares no better. As noted earlier plaintiffs have failed to establish that Mullin breached any duty owed to them in procuring the policy in question. The complaint is dismissed as to him.