Temple Beth Sholom, Inc. v Commerce & Indus. Ins. Co. (2019 NY Slip Op 05215)





Temple Beth Sholom, Inc. v Commerce & Indus. Ins. Co.


2019 NY Slip Op 05215


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9768 652187/16

[*1]Temple Beth Sholom, Inc., et al., Plaintiffs-Respondents,
v
Commerce & Industry Insurance Company, Defendant-Appellant.


Law Office of Jeffrey Mathews, New York (Jeffrey A. Mathews of counsel), for appellant.
Marshall, Conway & Bradley P.C., New York (Christopher T. Bradley of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered September 5, 2018, which, inter alia, granted plaintiffs' motion for summary judgment to declare that defendant is obligated to defend and indemnify plaintiffs in the underlying action, and reimburse them for all attorneys' fees, costs, and expenses, and denied defendant's cross motion for summary judgment to dismiss the first through fifth causes of action of the complaint, unanimously affirmed, with costs.
Plaintiff Temple relied to its detriment on the defense provided by defendant Commerce, which was in conflict with the defense Commerce provided to the general contractor, and as a result, Temple lost control of its defense. Commerce was properly estopped from denying coverage by virtue of its conduct in handling the underlying claim (see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 699 [1980]).
Moreover, since Commerce accepted coverage, without reservation, and without having investigated the tender or having failed to uncover facts that were readily available through a review of the contracts and an interview of its insured, through no fault of Temple, Commerce is estopped from denying or disclaiming coverage (see Draper v Oswego County Fire Relief Assn., 190 NY 12, 16 [1907]; see also Yoda, LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 88 AD3d 506 [1st Dept 2011]).
Finally, it is undisputed that Temple, pursuant to the subcontract, was required to be added as an additional insured to the policy; that the subcontract contemplated that Boyle would perform all of the asbestos removal for Temple's project, including any possible additional work that might become necessary during the construction phase; and that the work performed by Duran, a Boyle employee, constituted both "ongoing operations" and "your work" as defined under the policy. Accordingly, the work performed by Duran at the time of his accident falls within the scope of both additional insured endorsements in the policy (see Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83 [1st Dept 1994].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK