# Richmond

HYLAND STILLWELL v. IOWA NATIONAL MUTUAL INSURANCE COM-
PANY.

November 30, 1964.

Record No. 5804.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Roby G. Janney*, for the plaintiff in error.

*Thomas V. Monahan* and *J. Lynn Lucas*, for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Hyland Stillwell, hereinafter called the plaintiff, filed a motion for judgment against Iowa National Mutual Insurance Company to recover the sum of $5,284.83, which amount he alleged was due to him under the terms of a public liability policy issued to him by the Insurance Company. The motion alleged that on September 17, 1959, while the policy was in effect, Mrs. Mildred L. Breeden, riding as a passenger in the plaintiff's car, had been injured; that on February 14, 1962, she recovered a judgment against him in the above amount for damages for her injuries; and that under the terms of the policy the Insurance Company was obligated to pay that judgment and yet had failed to do so.

In its grounds of defense the Insurance Company admitted the issuance of the policy, that it was in effect at the time of the accident, and that Mrs. Breeden had recovered a judgment against the plaintiff in the amount stated for damages for her injuries. However, it denied liability on the policy on the ground that at the time of the accident Mrs. Breeden was in the employ of the plaintiff and that liability for damages for her injuries was expressly excluded under the terms of the policy.

In his pleadings the plaintiff replied that the exclusion clause relied upon by the Insurance Company was invalid, and that, in any event, the company was estopped to rely on it.

Upon the request of the Insurance Company for admissions, filed pursuant to Code, 1964 Cum. Supp., § 8-111.1, the plaintiff admitted that the transcript of the testimony of Mrs. Breeden and that of the plaintiff, given at the trial of her case against the plaintiff, "is a true statement of the relationship existing between" these parties "at the time of the accident."

The lower court held that this testimony showed, as a matter of law, that at the time of the accident and injury Mrs. Breeden "was riding in the automobile of the plaintiff pursuant to an understanding arising out of her contract of employment * * * that such transportation would be afforded her when necessary as a part of her employ-

ment," and that accordingly, under the exclusion clause in the policy, the Insurance Company was not liable to the plaintiff for the amount of the judgment which she had recovered against him.

The court further held that such exclusion clause was valid and that the Insurance Company was not estopped to rely thereon. Consequently, it entered a summary judgment in favor of the defendant company. We granted the plaintiff, Stillwell, a writ of error.

In his assignments of error the plaintiff contends that, (1) the lower court erred in holding that, as a matter of law, Mrs. Breeden was in his employ; that the relationship of these parties involved issues of fact which should have been submitted to the jury; (2) the exclusion clause in the policy, on which the Insurance Company relied, is invalid, being in contravention of Code (Repl. Vol. 1958), § 46.1-504(c); and (3) the Insurance Company, having undertaken the defense of the action which Mrs. Breeden had instituted against him, was estopped to rely upon the exclusion clause.

The insurance policy contained this exclusion clause: "This policy does not apply under Part 1 [Bodily Injury Liability]: * * * (e) to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

It will be observed that the exclusion clause provides that the coverage afforded by the policy does not apply "to bodily injury to any employee of the insured arising out of and in the course of * * * employment by the insured." Hence, the critical issue with respect to the exclusion clause is whether the plaintiff's testimony and that of Mrs. Breeden, adduced at the previous trial, which admittedly shows the true relationship of these parties, shows, as a matter of law, that the bodily injury sustained by her arose out of and in the course of her "employment by the insured."

It appears from this testimony that at the time of the accident Mrs. Breeden was employed by the plaintiff as a waitress and cook at a restaurant which he operated. She was paid a weekly wage of $35. According to her testimony she daily came to work from her home, which was about two miles from the restaurant, and returned thereto at the end of the day's work; that when she had no other means of transportation the plaintiff gave her a ride to and from work. The plaintiff had a similar arrangement with all of his em-

ployees. As she said, "it was an understanding when we had no way to work he always came after us and took us home." Pursuant to this arrangement, at the time of the accident, the plaintiff was taking Mrs. Breeden home from work as he frequently had done.

The plaintiff testified that when he employed Mrs. Breeden he knew that at times he would have to take her to and from work, and that frequently he did so, probably three or four times a week.

In 58 Am. Jur., Workmen's Compensation, § 218, pp. 725, 726, the author says: "As an exception to the general rule that an employee is not in the course of his employment while going to or returning from his work, it is generally held that where transportation to or from work is furnished by the employer as an incident of the employment, an accidental injury sustained by the employee while being so transported arises out of and in the course of the employment."

It is well settled in this jurisdiction that when an employee is furnished transportation to or from work by his employer as incident to his employment and is accidentally injured during the course of travel, the injury arises out of and in the course of his employment. See *Lucas v. Biller*, 204 Va. 309, 314, 130 S. E. 2d 582, 586, and cases there collected.

As is said in 7 Am. Jur. 2d, Automobile Insurance, § 132, p. 456, "Whether one who was being transported to or from his work by his employer at the time he was injured was, at that time, an employee engaged in the insured's business within an exclusionary clause [of a public liability insurance policy] depends on whether the transportation in question was a part of the employment."

*State Farm Mut. Automobile Ins. Co. v. Braxton*, 4th Cir., 167 F. 2d 283, involved questions quite similar to those with which we are here concerned. In that case an employee, while being transported home from his work, was injured through the negligence of the employer in an accident which occurred in this State. The question arose as to whether the liability of the employer was covered by a public liability insurance policy which contained this exclusion clause: "This policy does not apply: * * * (d) Under coverage A [Bodily Injury Liability], to bodily injury to or death of any employee of the insured while engaged in the employment * * * of the insured."

The court there pointed out that the primary purpose of such an exclusion clause is to draw a sharp line between employees who are

excluded and members of the general public who are included; to limit coverage to liability for injury to members of the general public and exclude liability to employees of the insured; and that although the employer did not have the required number of employees to carry workmen's compensation, yet such an injury would have been compensable under the decisions of this State that an employee, while being transported to or from work, is in the course of his employment. Consequently, the risk was held to be excluded under the terms of the policy. See also, *Johnson* v. *Aetna Casualty & Surety Co.*, 5th Cir., 104 F. 2d 22.

In the case before us we agree with the lower court that the testimony of the employer and the employee shows, as a matter of law, that the transportation furnished the employee to and from work was an incident of the employment and that the injury to the employee, which occurred during the course of travel, arose out of and in the course of her employment. Hence it correctly held that the risk of the plaintiff's liability to this employee was excluded under the terms of the policy.

The next contention of the plaintiff is that the exclusion clause in the policy is void because, it is said, it is in conflict with Code (Repl. Vol. 1958), § 46.1-504, subsection (c), which provides: "Every owner's policy shall: * * * (c) Insure the insured or other person against loss from any liability imposed by law for damages, * * * because of bodily injury to or death of any person * * * caused by accident and arising out of the ownership, use or operation of such motor vehicle * * * within this State, * * *." The argument is that this subsection permits no exemption in a policy for liability to employees, and hence such risks may not be excluded. We do not agree.

Section 46.1-504(c), upon which the plaintiff relies, is found in Chapter 6 of the Code, comprising the Motor Vehicle Safety Responsibility Act (§§ 46.1-388—46.1-514). Section 46.1-509, which is also a part of that Act and chapter, expressly provides: "The provisions of this chapter shall not apply to any policy of insurance except as to liability thereunder incurred after certification thereof as proof of financial responsibility." This latter section makes it plain that the provisions of these sections found in the Safety Responsibility Act, including § 46.1-504(c), apply only to policies which have been certified to the Commissioner of Motor Vehicles as proof of financial responsibility. (§§ 46.1-468(a), 46.1-471.) They

do not apply to a policy which has been voluntarily procured, such as that with which we are here concerned. *State Farm Mut. Automobile Ins. Co.* v. *Arghyris*, 189 Va. 913, 930, 931, 55 S. E. 2d 16, 24; *Virginia Farm Bureau Mut. Ins. Co.* v. *Saccio*, 204 Va. 769, 775, 776, 133 S. E. 2d 268, 272, 273; *Farm Bureau Mut. Automobile Ins. Co.* v. *Hammer*, 4th Cir., 177 F. 2d 793, 797 (cert. denied, 339 U. S. 914, 70 S. Ct. 575, 94 L. ed. 1339); *Connell* v. *Indiana Insurance Co.*, 4th Cir., 334 F. 2d 993, 997.

 The final contention of the plaintiff is that the Insurance Company is estopped to rely upon the exclusion clause because it undertook the defense of the action which Mrs. Breeden had instituted against him without notifying him of its intention to deny coverage under such clause.

Upon being notified of the accident the Insurance Company made an investigation of the circumstances. In the course of this investigation the plaintiff gave to the Insurance Company a written statement in which he said that, "I did not make any agreement with Mildred Breeden to the effect that I would furnish transportation to and from work as a part of our contract for hire."

On January 18, 1962, the attorney for the Insurance Company wrote the plaintiff:

"Because of your failure to cooperate fully with us, and for other valid reasons, you are notified that any action taken by this Company in connection with this accident shall not be construed as a waiver of any of the policy provisions, or act as an estoppel; and any actions we may hereafter take in connection with any negotiations, settlement, defense of any suit, trial, judgment, appeal or any other action on the part of the Company, shall be without prejudice or waiver and shall not act as an estoppel on the part of the Company. We hereby reserve all rights, which the Company may have under the policy, for the specific violations above set out, and for any other violations that might hereafter exist or be discovered, including the right to disclaim liability entirely and withdraw from any proceedings at any time. If the Company does withdraw, you will be notified."

The plaintiff did not reply to this letter and thereafter the Insurance Company undertook the defense of the action of *Breeden* v. *Stillwell*, which came on for trial on February 13 and 14, 1962. As has been said, at that trial the testimony of the plaintiff and that of Mrs. Breeden showed that as a condition to her employment the

plaintiff agreed with her that he would give her transportation to and from work when she needed it. After this disclosure and after the trial of that action had resulted in a judgment in favor of Mrs. Breeden against the plaintiff, the Insurance Company wrote him a letter denying liability under the exclusion clause in the policy.

As is said in 7 Am. Jur. 2d, Automobile Insurance, § 171, p. 503, "If an automobile liability insurer assumes and conducts the defense of an action brought against the insured, *with knowledge of facts taking the accident or injury outside the coverage of the policy*, without disclaiming liability or giving notice of a reservation of its right to deny coverage, such insurer is thereafter precluded in an action upon the policy from setting up the defense of noncoverage. In other words, the *unconditional defense* of an action brought against its insured generally constitutes a waiver of the terms of a policy and an estoppel to defend on such grounds." (Emphasis added.)

It is clear that when the Insurance Company assumed the defense of the Breeden action against the plaintiff, it was without knowledge of the fact that the injury to Mrs. Breeden arose out of and in the course of her employment by the plaintiff. Moreover, the defense of the action by the Insurance Company was not unconditional. On the contrary, the timely notice which it gave the plaintiff prior to the trial of the Breeden action clearly stated that it was "without prejudice or waiver" of its "right to disclaim liability" under the policy. We agree with the holding of the lower court that under the circumstances stated the Insurance Company was not estopped to deny coverage under the policy.

The present case is distinguishable from *Lumbermen's Mutual Casualty Co. v. Hodge*, 205 Va. 36, 135 S. E. 2d 187. In that case, at a first trial, the liability insurer defended an action against it on a policy on the ground that the car involved was being used without the permission of the named insured. At a second trial it undertook to assert the defense that timely notice of the accident had not been given to it as required by the terms of the policy. We held that since at the time of the first trial the insurer had full knowledge of the lack of notice and did not there assert it, it thereby waived the right to assert the defense at the second trial. The obvious distinction in the two cases is that in the latter the insurance company acted after it had full knowledge of an available defense, while in the present case it acted without such knowledge.

The judgment is *Affirmed.*