# Richmond

## Aetna Casualty and Surety Company v. K. C. Kellam, Et Al.

January 16, 1967.

Record No. 6308.

Present, Eggleston, C. J., and Buchanan, I'Anson, Carrico and Gordon, JJ.

*Daniel Hartnett* (*Ayres and Harnett*, on brief), for the plaintiff in error.

*William King Mapp* (*Mapp & Mapp*, on brief), for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is a declaratory judgment proceeding instituted by Aetna Casualty and Surety Company under § 8-578 of the Code, 1957 Repl. Vol., to determine whether it is liable to K. C. Kellam under an automobile liability insurance policy issued by it to Dory Rogers Sample, Jr., Kellam's employer.

Kellam was injured in a collision between a motor vehicle being operated by him and one being operated by Vernon Lee Bailey, also an employee of Sample.

Kellam, an infant, by his next friend, filed a motion for judgment for damages against Bailey, in which he alleged that Bailey was an uninsured motorist, as defined by statute, and therefore Aetna was liable for his injuries under its policy issued to Sample. Process was served on Aetna pursuant to the uninsured motorist statute, Code § 38.1-381 (e) (1), 1966 Cum. Supp.

Aetna filed its answer and grounds of defense denying liability to Kellam on the grounds that Bailey was not an uninsured motorist within the meaning of the statute and of the uninsured motorist endorsement on the policy, and that Kellam was not an insured under either. Aetna then filed this motion for a declaratory judgment.

It was stipulated that at the time of the accident, September 24, 1964, Kellam, the plaintiff in the tort action, and Bailey, the defendant, were each operating motor vehicles owned by Sample, the named insured, with the knowledge, consent and permission of Sample, and during the course of and within the scope of their employment by Sample; that the insurance policy issued by Aetna to Sample was in respect to the said vehicles, and that the issue to be determined was whether Kellam had coverage under said policy and its uninsured motorist endorsement together with the uninsured motorist statute.

On the pleadings and stipulated facts the court below entered its order holding that Kellam had a right to rely on the insurance policy issued by Aetna to Sample in Kellam's action for damages against Bailey, and Aetna has appealed from that judgment.

The parties are in agreement and it is well established that the provisions of § 38.1-381 of the Code, *supra*, are applicable and controlling at every point where there is conflict between the statute and the insurance policy involved. Moreover, in the uninsured motorist endorsement attached to the policy Aetna agreed "To pay, in accordance with Section 38.1-381 of the Code of Virginia and all Acts

amendatory thereof or supplementary thereto, * *." That section provides, so far as here material:

(b) Such policy shall contain an endorsement undertaking "to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," within limits as specified.

(c) The term "insured" as used in (b) means the named insured [Sample] and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies. The term "uninsured motor vehicle" means a motor vehicle as to which there is (i) no bodily injury liability insurance, or (ii) there is such insurance but the insurance company denies coverage thereunder "for any reason whatsoever".

Aetna contends that it is not liable to Kellam, plaintiff in the tort action, first, because Bailey, the defendant, was not the operator of an uninsured motor vehicle, the basis of liability under paragraph (b) of the statute, in that Aetna did not deny coverage under its insurance policy for the reason that Bailey, Sample's employee, was not covered by the policy and there could be no denial of coverage which did not exist.

The ground for this position is item III (a) (2) under "Definition of Insured" in the policy itself, which provides that the insurance does not apply "to any employee with respect to injury to * * another employee of the same employer injured in the course of such employment in an accident arising out of the * * use of the automobile in the business of such employer."

In *State Farm Mut. Automobile Ins. Co. v. Brower*, 204 Va. 887, 134 S.E.2d 277, Brower was injured by an automobile driven by Mazza, which was covered by a policy in a defunct insurance company. That company did not make an express denial of coverage; it only failed to pay. We said that coverage in the field of insurance means protection by an insurance policy; that "An insurer denies coverage to its insured when it fails or refuses to accord him the protection it contracted to give."

Here Aetna did not fail or refuse to accord Bailey the protection it contracted to give him in the policy itself because it did not contract by this policy to give him protection in case of an injury to a co-employee. The Bailey vehicle, therefore, was not an "uninsured motor vehicle" by reason of denial of coverage.

However, in the uninsured motorist endorsement attached to the

policy "Uninsured Automobile" was defined to mean an automobile with respect to the ownership, maintenance or use of which there is no insurance policy "applicable at the time of the accident with respect to any person * * legally responsible for the use of such automobile." Bailey was within the description "any person"; he was using the vehicle with his employer's consent and was legally responsible for its use, and there was no insurance policy applicable to him. Bailey was, therefore, at the time of the accident, operating an uninsured motor vehicle within the terms of the uninsured motorist endorsement on the policy.

Aetna contends, in the second place, that it is not liable to Kellam under its policy because Kellam was not an insured within the meaning of Code § 38.1-381, or the uninsured motorist endorsement on the policy.

In *Nationwide Mut. Ins. Co.* v. *Harleysville Mut. Cas. Co.*, 203 Va. 600, 603, 125 S.E.2d 840, 843, we said that two requirements must be met before a person can claim under or receive the benefit of uninsured motorist coverage in Virginia:

"* * First, such person must qualify as an 'insured' under the endorsement of the policy upon which claim is being made; and, secondly, that such person must be involved in an accident with the owner or operator of an uninsured motor vehicle. * *"

In addition to the fellow employee exclusion in item III (a) (2), referred to above, Aetna's policy specifically provided in paragraph (d) under "Exclusions" as follows:

"This policy does not apply * * (d) under Coverage A [Bodily Injury Liability], to bodily injury to * * any employee of the Insured arising out of and in the course of * * employment by the Insured".

Aetna contends that because its policy thus excludes injury to any employee (Kellam) of its insured (Sample), then Kellam is not an insured to whom the uninsured motorist provision applies.

In the uninsured motorist endorsement attached to the policy, the "unqualified word 'Insured'" means the named insured and other residents of his household, and "any other person while occupying an insured automobile;" and an "Insured Automobile" means "an automobile registered in Virginia with respect to which the bodily injury and property damage liability coverages of the policy apply."

*Stillwell* v. *Iowa National Mut. Ins. Co.*, 205 Va. 588, 139 S.E.2d 72, involved an exclusion clause in the identical language of para-

graph (d) of Aetna's policy, above referred to. The trial court held that such exclusion clause was valid and we affirmed that judgment. The plaintiff in that case, however, contended that this exclusion clause was invalid because in conflict with § 46.1-504 (c) of the Virginia Code,[1] not on the ground of conflict with § 38.1-381. But we said in that case that the exclusion clause provided that the coverage afforded by the policy did not apply to bodily injury to any employee of the insured arising out of and in the course of employment by the insured [as here], and that the critical issue with respect to the clause was whether the injury sustained by the plaintiff arose out of and in the course of her employment by the insured. We concluded that the trial court had correctly held "that the risk of the plaintiff's liability to this employee was excluded under the terms of the policy."

The opinion referred to *State Farm Mut. Automobile Ins. Co.* v. *Braxton*, 4 Cir., 167 F.2d 283, as having pointed out that the primary purpose of such an exclusion clause "is to draw a sharp line between employees who are excluded and members of the general public who are included; to limit coverage to liability for injury to members of the general public and exclude liability to employees of the insured * *." 205 Va. at 591-2, 139 S.E.2d at 75.

We held in *Nationwide Mut. Ins. Co.* v. *Harleysville Mut. Cas. Co.*, *supra*, that there was no conflict between the statute and the uninsured motorist endorsement on the Harleysville policy; that both provided that in order for a guest in an automobile to qualify as an insured, such person must be a guest in a motor vehicle " 'to which the policy applies' " and that the guest in that case did not come within that definition and was not entitled to recover from Harleysville. The opinion added that the uninsured motorist statute "was not enacted to provide insurance coverage upon each and every uninsured vehicle to everyone." 203 Va. at 603, 125 S.E.2d at 843.

Paragraph (h) of § 38.1-381 provides that paragraphs (a)[2] and (b), thereof shall not apply to workmen's compensation policies "but no provision or application of this section shall be construed to limit the liability of the insurance company, insuring motor vehicles, to

---

(1) That section required that every owner's policy, therein described, insure the insured against liability for damages for bodily injury caused by accident arising out of the operation of a motor vehicle. That statute was held to be inapplicable.

(2) Paragraph (a) requires that a policy of bodily injury liability insurance shall contain a provision insuring the named insured and any other person against loss or damage "occasioned within the coverage of the policy".

an employee or other insured under this section who is injured by an uninsured motor vehicle."

That part of the paragraph quoted was added by Acts 1960, ch. 462, p. 721. The part prior to the addition was discussed in *Horne v. Superior Life Ins. Co.*, 203 Va. 282, 123 S.E.2d 401. That case dealt with cases of subrogation and we said it was the intent of the General Assembly in enacting paragraph (h) to make it clear that policy coverage required by § 38.1-381 did not apply to workmen's compensation policies, and that the benefits of the section would not accrue to an employer who became liable for workmen's compensation benefits to an employee injured by an uninsured motorist while in a motor vehicle owned by the employer. This 1960 addition to paragraph (h) was apparently for the purpose of making clear that paragraph (h) was not designed to affect the liability of an insurer to an *insured* employee or other person injured by an uninsured motor vehicle. It was not intended, we think, to give to an employee a protection not otherwise given by § 38.1-381.

We do not read into the uninsured motorist statute a purpose to prohibit and invalidate the exclusionary clause contained in said paragraph (d) of the policy here involved. The effect of such prohibition would be to require an employer who has provided workmen's compensation insurance for his employee also to provide coverage for him in any bodily injury policy obtained by the employer to afford protection with respect to others who are not his employees.

We hold that said paragraph (d) of the policy, excluding Kellam, an employee of the named insured, from the benefit of the policy, is not in conflict with the uninsured motorist statute, but is a permissible exclusion and operates here to exclude Kellam from the coverage of the policy.

The order appealed from is accordingly reversed and an order will be entered here adjudicating that Kellam is not an insured under the policy and that Aetna is not liable to him for any damages that he may recover in his action against Bailey.

*Reversed.*