222 So.2d 254 (1969)
Joyce B. ALLISON, Appellant,
v.
IMPERIAL CASUALTY AND INDEMNITY COMPANY, Appellee.
No. 1942.
District Court of Appeal of Florida. Fourth District.
May 6, 1969.
*255 Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellant.
John R. Beranek, of Jones, Adams, Paine, & Foster, West Palm Beach, for appellee.
REED, Judge.
This is an appeal by the plaintiff from a final judgment entered in favor of the defendant consequent upon the granting of a motion for summary judgment in the defendant's favor.
The plaintiff, Joyce B. Allison, filed a complaint on 31 July 1967 in the Circuit Court for Palm Beach County, Florida, to enforce an alleged obligation on the part of the defendant, Imperial Casualty and Indemnity Company, to provide uninsured motorist coverage under a contract of insurance issued by defendant to the plaintiff's employer, Merlin, Inc. The answer of the defendant admitted the execution of the policy and attached a copy. The answer, however, asserted that the plaintiff was not an "insured" under the policy.
*256 The trial court on 13 December 1967 entered a final summary judgment with an accompanying opinion which indicated that there were no material factual issues to be resolved and that the matter turned on an interpretation of the insurance policy under which, the trial court concluded, the plaintiff was not an insured.
It appears from the complaint that on 23 December 1966 plaintiff was seated in an automobile stopped in traffic on South Federal Highway in Lake Worth. Her vehicle was struck by an automobile operated by one Jerry Fripp. Plaintiff thereby sustained personal injuries. At the time of the accident both Jerry Fripp and the plaintiff were employed by Merlin, Inc., which was doing business as Merlin Rent-A-Car. Both Fripp and the plaintiff were then in automobiles owned by their employer, Merlin, Inc., and were acting within the scope of their employment. The complaint contains an allegation that Jerry Fripp was an uninsured motorist under the terms of the policy pertaining to uninsured motorist coverage. Although denied by defendant's answer this averment was not rebutted by the motion for summary judgment and its supporting documents.
The insurance policy attached to defendant's answer was issued on January 1, 1966. The policy is an automobile liability policy insuring Merlin, Inc., as the named insured. An examination of the insuring agreements in the policy reveals that the policy does not expressly provide uninsured motorist coverage, even though the policy was issued subsequent to the effective date of F.S. Section 627.0851, F.S.A., which became law on 1 July 1961. The defendant admitted by an answer to an interrogatory that the uninsured motorist coverage terms and provisions are those required by the aforesaid Florida Statute and that there are no specific uninsured motorist provisions in the policy upon which suit is brought.
The point on appeal is clearly stated in the appellee's brief as follows:
"Whether appellant was an insured person under the policy as to uninsured motorist coverage?"
Because the insurance contract was issued subsequent to Section 627.0851, F.S. (Ch. 61-175 Laws of 1961, effective 1 July 1961; Amended Laws 1963, Ch. 63-148, effective 1 July 1963), the pertinent portions of that statute became a part of the insurance contract. Poole v. Travelers Insurance Company, 1937, 130 Fla. 806, 179 So. 138. To resolve the point on appeal we must construe the statute and the policy together.
As an aid, several principles are helpful. Where an insurance contract clause is unambiguous the language requires no special construction and should be given the meaning which it clearly expresses. Valdes v. Prudence Mutual Casualty Company, Fla.App. 1968, 207 So.2d 312. Like all other contracts, contracts of insurance should receive a construction that is practical and reasonable as well as just. 18 Fla.Jur., Insurance, § 91. The public policy of this state established by F.S. Sections 627.0851, F.S.A., is that every insured shall be entitled to recover under the policy for damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Standard Accident Insurance Company v. Gavin, Fla.App. 1966, 184 So.2d 229 (cert. dismissed, Fla. 1967, 196 So.2d 440).
To interpret the policy in question and resolve the ultimate issue, we will first consider the coverage provided by the policy, next the policy definition of the term "insured", and finally the effect of any express exclusions. Regarding coverage, it will be recalled that the appellee admitted by one of its answers to interrogatories that the written contract contained no specific provisions to cover the risk of uninsured motorists. The defendant's liability for such coverage (as admitted by the answer to the interrogatory) must be founded on the pertinent provisions in Section *257 627.0851, F.S. 1965, F.S.A. These provisions are as follows:
"(1) No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto * * * under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * * resulting therefrom * * *." (Emphasis added.)
The statute obligates the defendant to provide coverage for the protection of "persons insured thereunder".
To determine who is "insured thereunder" reference should next be made to the definition of the term "insured" in the insurance contract. The pertinent part of the insurance contract is found under the policy heading "Definition of Insured". There the following is stated:
"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person * * * other than the named insured or spouse does not apply:
"* * *
"(2) to any employee with respect to injury to * * * another employee of the same employer injured in the course of such employment in an accident arising out of the * * * use of the automobile in the business of such employer."
It is obvious from a study of this language that the plaintiff was covered as an insured under the contract unless the language reading as follows eliminates her as an "insured":
"* * * The insurance with respect to any person * * * other than the named insured * * * does not apply:
"* * *
"(2) to any employee with respect to injury to * * * another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." (Emphasis added.)
It was apparently on the basis of this language that the trial judge concluded that the plaintiff was excluded as an insured under the terms of the contract. In our opinion, the language "with respect to injury to * * * another employee of the same employer" has the effect of dropping the plaintiff as an insured only where the subject matter of the claim is an injury which has been done to "another employee", which means an employee other than the one to whom it is sought to apply the exclusionary clause. Here the subject matter of the claim was not an injury to "another employee"; therefore, the exclusionary language under the definition of "Insured" does not pertain.
The exclusionary language would exclude the plaintiff as an insured in the event Jerry Fripp brought a suit against her for his injuries arising out of the accident. It would also exclude Jerry Fripp as an insured in the event plaintiff brought a suit against him for injuries arising out of the accident. It is our conclusion that this is the type of situation contemplated by the exclusionary language. See General Insurance *258 Company of America v. Reid, Fla. App. 1968, 216 So.2d 41.
The appellee cites as authority for its position the case of Aetna Casualty and Insurance Company v. Kellam, 1967, 207 Va. 736, 152 S.E.2d 287. This case is distinguishable from the present case. It does involve a similar fact situation in that the claimant was injured in an accident involving another employee of a common employer who carried the insurance in question. Liability was also sought to be attached under the uninsured motorist coverage in the policy. Unlike the policy before us, the policy there had an express endorsement providing uninsured motorist coverage. Coverage under the endorsement was expressly limited to circumstances that would be covered under coverage "A" in the policy. Coverage "A" in the policy covered liability for bodily injury to any person arising from the operation of the insured's vehicle. The accident was excluded from coverage "A" by a specific exclusionary clause in the policy; therefore, liability was expressly precluded under the uninsured motorist endorsement. In our case, there is no similar exclusionary clause which applies to the uninsured motorist coverage which is written into the policy by law.
Alternatively the appellee contends that the plaintiff is excluded from coverage by exclusion (d) of the policy found under the Exclusions section. It reads as follows:
"This policy does not apply:
"* * *
"(d) under coverage A, to bodily injury to * * * any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured * * *."
This exclusion is related to the coverage provided under coverage "A" of the policy. Coverage "A" has nothing to do with defendant's liability for uninsured motorist coverage; therefore, the exclusion is irrelevant to the present issue. The uninsured motorist coverage is not found in Coverage A of the policy, but in the Florida law incorporated in the policy.
We conclude that the plaintiff was an insured under the policy for purposes of the uninsured motorist coverage. The judgment appealed from is reversed and the cause remanded for further proceedings.
Reversed.
WALDEN, C.J., and McCAIN, J., concur.