**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Priscilla HARP, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Rehearing Denied Feb. 16, 1968.

Reford H. Coleman, Faurest & Collier, Elizabethtown, for appellant.

Thomas W. Hines, G. D. Milliken, Milliken & Milliken, Bowling Green, C. O. Carrier, Leitchfield, for appellee.

MILLIKEN, Judge.

This is an appeal by Kentucky Farm Bureau Mutual Insurance Company from a judgment holding it liable on a policy on which it asserts it is not liable because of an exclusion in the policy.

Priscilla Harp is the wife of Eugene Harp and the daughter of Clyde Harrison, both of whom were co-defendants in the original action brought by Mrs. Harp for personal injuries arising out of an automobile accident which occurred May 6, 1962. At the time of the accident, Priscilla and her younger brother, Clyde Marcus Harrison, were passengers in her father's automobile, which was being operated by her husband, Eugene Harp, with the permission of her father, Clyde Harrison, who was the named insured in a liability policy issued by the Kentucky Farm Bureau Mutual Insurance Company, the appellant herein. Apparently, Harp was taking the car for servicing at Harrison's request when the accident happened.

The jury awarded Priscilla Harp $20,000.00 against her husband and father, but when she sought payment under her father's liability insurance policy, the insurer, the Kentucky Farm Bureau Mutual Insurance Company, refused to pay, citing

the terms of its policy and the family exclusions found therein. Suit was brought against the insurance company to recover the amount of the judgment and the court granted Priscilla Harp a summary judgment. This appeal followed.

The pertinent provisions of the policy we are dealing with are as follows:

### DIVISION A—LIABILITY
(policy, page no. 1)

COVERAGE A—Bodily Injury Liability.

1. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

    A. Bodily injury, sickness or disease, including death at any time resulting therefrom thereinafter called "Bodily Injury", sustained by any person or persons; * * *.

    Caused by accident and arising out of the ownership, maintenance or use, of the automobile, * * *"

    * * * * * * * * * * *

III. Persons insured.

    The word "Insured" means the named insured, and * * * any person * * * legally responsible for the use thereof * * *"

### EXCLUSIONS

This policy does not apply under Division A * * *

5. To bodily injury to or sickness, disease or death of the named insured, or of any other insured, or any member of the family of either, who are residents of the household of either.

———◆———

■ The insurer's main argument on appeal is that the trial court erred in granting Priscilla Harp's motion for summary judgment, and also erred in not giving the insurer summary judgment. With this we agree, because it appears that her husband, Eugene Harp, was an "insured" within the terms of the exclusions in the policy. He was legally responsible for the operation of the vehicle and was operating it by permission of the named insured, Clyde T. Harrison. When applied to the exclusion provision set out above it seems obvious that Eugene Harp falls into the category of "other insured" and so any member of his family who is a resident of his household may not recover under this policy. Although there may be doubt as to whether Priscilla Harp was a member of her father's household within the meaning of the policy, it is clear that she was a member of the family of her husband and a resident of his household although they both were living temporarily with her parents at the time of the accident and had lived together in numerous places since their marriage in 1956. Since she clearly was a member of her husband's household, the insurer was entitled to the summary judgment unless it waived the exclusion provision of the policy in any way. In Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Company, Ky., 334 S.W.2d 261, where an insurance policy with an exclusion clause similar to the one presented here was involved, we said:

"We are impressed by the fact that the clear purpose of the exclusion was to

protect the insurer from over-friendly lawsuits, which nearly always would exist where plaintiff and insured defendant are bound by ties of kinship and are living together."

Such family exclusion provisions have been usually held valid unless forbidden by statute. 7 Am.Jur. (2) Automobile Insurance, Sec. 131, p. 452.

The insurer defended the negligence action brought by Priscilla Harp against her husband and father, but informed the father, the named insured, that it did not waive its right to the defense afforded it by the aforequoted exclusion clause, and the notice was timely given. There is no non-waiver notice in the record as to the defense of the action against the husband, but when the insurer's liability under the policy was inferentially put in issue by the filing of the negligence action the insurer notified its named insured, Clyde Harrison, in writing that it would not defend the action because it was not liable under the exclusion in its policy and wrote, "We are giving similar notice to Mr. Harp." It was after this that the insurer undertook defense of the negligence action and obtained the nonwaiver agreement signed by the named insured, Clyde Harrison, but there is no such non-waiver agreement executed by Eugene Harp, the driver of the insured car. However, it is not denied in the record that the husband, Eugene Harp, was notified by the insurer that it claimed no liability under the exclusion in its policy, but we do not believe this is a controlling factor as we shall demonstrate later in this opinion.

Whether it was necessary for the insurance carrier to obtain such a non-waiver agreement from Harp in order to preserve its exclusion in the policy after undertaking defense of the claim against him is a question we have not been able to find answered in a decided case.

The insurance policy here involved undertakes "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * *" and the husband, the driver of the insured car, is protected by the policy. He is a third party beneficiary of a contract of insurance between the owner of the car and the insurance company, and it seems to us that his rights in such circumstances should not exceed the rights of the named insured. The driver's rights are derivative rights; they stem from the contract of insurance between the car-owner and the insurance carrier, and are governed by it and subject to its exclusions. We conclude, therefore, that the insurance carrier was not required to obtain a non-waiver agreement from Harp, but could rely on the non-waiver agreement it obtained from its named insured, the other party to its insurance contract, to save its right to assert the exclusion in the policy as a defense to the present action against it where the named insured and the additional insured are sued jointly, as here.

The judgment is reversed and judgment directed to be entered for the appellant.

All concur.