**AUTOMOBILE CLUB INSURANCE COMPANY, Plaintiff,**

v.

**John COMBS, Larry Combs, Administrator of the Estate of Lois M. Combs, Deceased, and Larry Combs, Administrator of the Estate of Lois Combs, Deceased, Defendants.**

**No. 1373.**

United States District Court
E. D. Kentucky,
Covington Division.

Jan. 24, 1969.

W. F. Boelter, Cincinnati, Ohio, for plaintiff.

Albert Root, Newport, Ky., for defendant, John Combs.

R. Howard Smith, Newport, Ky., for the defendant, Larry Combs.

MEMORANDUM

SWINFORD, District Judge.

This is a declaratory judgment action brought by an automobile liability insurance company for a judgment declaring its rights under an insurance policy. The plaintiff has moved for summary judgment. It appears that there is no genuine issue as to any material fact. Rule 56, Federal Rules of Civil Procedure.

While the policy was in effect, and while John Combs was driving the owned automobile, it was involved in an accident. His wife, Lois Combs, and daughter, Lois M. Combs, were passengers and were fatally injured. Subsequently the administrators of the estates of Lois Combs and Lois M. Combs commenced wrongful death actions in state court against John Combs and another.

The plaintiff, Automobile Club Insurance Company, commenced this declaratory judgment action. The insurance policy in question was issued to John Combs and his daughter Lois M. Combs, as named insureds. Even though Lois Combs was not personally named as an insured, she was an "insured" under the policy by virtue of the following provision:

"Persons Insured: The following are insureds under Part I:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household  *  * "

It is not disputed that Lois M. Combs and Lois Combs were living in the same household with John Combs.

The policy also provides:

"Exclusions: This policy does not apply under Part I:

*  *  *  *  *  *

(j) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

The case of Kentucky Farm Bureau Mut. Ins. Co. v. Harp, Ky., 423 S.W.2d 233, relied on by plaintiff, is squarely in point. There, a family exclusion provision which was very similar to the one involved in the pending case was applied to relieve the insurer of any obligation to pay a judgment in favor of plaintiff against her husband and father (the named insured).

The defendant, John Combs, seems to concede that the insurance company is not obligated to defend him in the action brought by the estate of Lois M. Combs, his daughter and the other named insured. He contends, however, that the severability clause of the contract calls for a different result with regard to the action brought by the estate of Lois Combs, his wife and not a named insured. That clause provides:

"The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The *Harp* case, supra, does not indicate whether or not the policy there in question contained such a severability clause.

Defendant argues that the cases of Curran v. Security Ins. Co., W.D.Ark., 195 F.Supp. 562; Gulf Ins. Co. v. Mack Warehouse Corp., E.D.Penna., 212 F. Supp. 39; and Pepsi-Cola Bottling Corp. v. Indemnity Ins. Co., 4 Cir., 318 F.2d 714, all involving injuries to employees and exclusionary clauses of employers' public liability policies support his position. I do not agree. The primary objective of these exclusionary clauses is to avoid duplication of coverage with respect to workmen's compensation insurance. The court in *Curran*, supra, stated:

"It is apparent that the exclusions in the policy do not apply to the plaintiff. They were placed in the policy only to exclude claims for compensation under workmen's compensation laws or similar statutes, and have no bearing whatsoever upon the issue presented in this case." 195 F.Supp. at 569.

Thus, these cases cited by defendant are based on a rationale inapplicable to the instant case and cannot support defendant's position.

Even if the rationale of those cases did support his position, those cases do not reflect the law of Kentucky. There is a split of authority on the issue discussed in those cases. While there appears to be no Kentucky case in point, the Court of Appeals for the Sixth Circuit, in a diversity case controlled by Kentucky law, has reached the opposite result. Kelly v. State Automobile Ins. Assn., 6 Cir., 288 F.2d 734. And see Hartford Acc. & Ind. Co. v. Continental Cas. Co., 6 Cir., 384 F.2d 37, 38.

The plaintiff's motion for summary judgment should be sustained.

An order in conformity with this memorandum is this day entered.