Belknap,
No. 5971.

AMERICAN INSURANCE COMPANY

*v.*

NATIONWIDE MUTUAL INSURANCE COMPANY;
GEORGE BROUGH; UNITED STEELWORKERS OF
AMERICA, AFL-CIO; and CARPENTER & PATERSON, INC.

March 31, 1970.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *W. Wright Danenbarger* ( *Mr. Danenbarger* orally ), for the plaintiff.

*Wescott, Millham & Dyer* ( *Mr. Peter V. Millham* orally ), for defendant Carpenter & Paterson, Inc., and *Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* ( *Mr. Dufresne* orally ), for defendant Nationwide Mutual Insurance Company.

*James J. Kalled* for defendant Brough, and *Upton, Sanders & Upton* for the defendant Union, filed no brief.

GRIMES, J. This is a petition for a declaratory judgment to determine coverage under a liability insurance policy issued by the plaintiff to the defendant Carpenter & Paterson, Inc. The defendant Brough was injured in April 1965 by accident arising out of and in the course of his employment with Carpenter & Paterson, Inc. and received workmen's compensation from the defendant Nationwide Mutual Insurance Company under a Workmen's Compensation and Employer's Liability policy issued to Carpenter & Paterson, Inc.

Brough brought suit against the United Steelworkers of America, AFL-CIO seeking damages because of alleged negligence on the part of the union for failing, under its right to inspection of his employer's premises and machinery, to discover and correct the malfunction in the machine which caused his injury. On petition filed April 26, 1967 this action was removed to the federal court where the union brought a third party action against Carpenter & Paterson, Inc. Nationwide on May 29, 1967 and the plaintiff on May 25, 1967, entered appearances on behalf of Carpenter & Paterson, Inc.

By letter dated June 29, 1967, counsel for the plaintiff notified counsel for Nationwide that in his opinion exclusion ( f ) of plaintiff's policy excluding from coverage any liability of the insured or his insurer under any workmen's compensation law eliminated

from coverage the claim made in the third party action. He requested Nationwide to take over the full defense of that action. On refusal of Nationwide to comply, this petition was filed.

The matter was heard in the Superior Court on an agreed statement of facts, and the Court ( *Flynn,* J. ), after making certain rulings, decreed that the plaintiff's policy furnished " no coverage to Carpenter & Paterson, Inc. relative to the alleged accident to the Defendant, George K. Brough, on April 2, 1965 " and that the plaintiff was not obliged to satisfy any judgment arising out of that accident and transferred the exceptions of the defendants.

The plaintiff in its petition relied only upon exclusion ( f ), but in a letter dated April 24, 1968, its counsel requested that exclusion ( g ) be added to the agreed statement of facts, and in its memorandum of law filed below on August 15, 1968, expressed reliance on that exclusion as well as exclusion ( f ).

The policy issued by the plaintiff under the heading of " Additional Insuring Agreements " undertook in a paragraph headed, " Coverage A, " " [ T ]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident. "

Under the heading of " Exclusions " the policy provided

" This policy does not apply:

" ( f ) under Coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation . . . law, or under any similar law. "

The Trial Court ruled that under exclusion ( f ), there was no coverage with respect to the third party claim. We cannot agree. Exclusion ( f ) relates only to " any obligation for which the insured . . . may be held liable under any workmen's compensation . . . law. " The claim of Brough against the union was not based on any such compensation law. Neither is the claim of the union against Carpenter & Paterson, Inc. based upon such an obligation.

By exclusion ( g ) the policy provided that it would not apply

" ( g ) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured. "

Exclusion ( g ), however, would appear to exclude the pending third party claim from coverage. Although the exact basis for that claim is not entirely clear, it would appear to relate to liability for bodily injury to an employee of the insured " arising out of and in the course of his employment by the insured " to which the " policy does not apply " unless based on liability assumed by the insured under a contract as defined in the policy. Nothing appears in the pleadings now before us which would lead us to believe that the union's third party action is based on any liability assumed by Carpenter & Paterson, Inc. under a contract which would bring the claim within the coverage of the policy.

Carpenter & Paterson, Inc. contends that the plaintiff has waived exclusion ( g ) and is also estopped to rely upon it. The Trial Court ruled against this contention and we uphold those rulings. Both contentions are based on the fact that the plaintiff entered an appearance for Carpenter & Paterson, Inc., in the third party action without reservation; filed an answer; notified counsel for Nationwide a month later that it was relying on exclusion ( f ) but gave no notice to Carpenter & Paterson, Inc. of reliance upon exclusion ( f ) until the petition for declaratory judgment was served on October 24, 1967, five months after the entry of appearance and four months after the letter to Nationwide; and that reliance was placed only on exclusion ( f ) without mention of exclusion ( g ) until April 1968 when it asked that it be included in the agreed statement of facts and without express reliance upon exclusion ( g ) until the filing of its memorandum of law in August 1968.

Our cases recognize that proof of prejudice is not a requirement of waiver as it is for estoppel. *Therrien* v. *Maryland Casualty Co.,* 97 N. H. 180, 84 A.2d 179; *Bowen* v. *Merchants Mutual Casualty Co.,* 99 N. H. 107, 107 A.2d 379. Waiver, however, unlike estoppel, requires a finding of an actual intention to forego a known right. While such intention may be implied from conduct, the conduct must be such as to give rise to the implication. *Therrien* v. *Company, supra.* The question of waiver is one for the Trial Court, and we find nothing in the conduct of the plaintiff here which compelled a finding of waiver by the Trial Court. This is not a situation such as existed in *Bowen* v. *Casualty Co., supra,* where a policy provision entirely different and unrelated to a failure of notice was advanced, nor is it like *Therrien* v. *Company, supra,* where the insurer without raising any question

of coverage engaged in conduct indicative of coverage in spite of a failure of required notice.

We are of the opinion that the conduct of the plaintiff herein indicated an intention to rely on exclusions which eliminated the coverage of liability for injury to the employee of the insured and by referring only to exclusion ( f ) did not thereby intend to waive exclusion ( g ).

The Trial Court found no prejudice to the insured or its other insurer arising out of any conduct of the plaintiff, and we agree with that finding. The interests of Carpenter & Paterson, Inc. were being represented at all times by counsel for Nationwide and there is nothing to convince us that Carpenter & Paterson, Inc. would be in any different position now if it had been notified of the plaintiff's present claim sooner. We also decline to apply any doctrine of presumed prejudice as urged by Carpenter & Paterson, Inc. ( See Abington Mutual Fire Insurance Co. v. Drew, 109 N. H. 464, 254 A.2d 829 and cases cited ).

The claim that the mere filing by the plaintiff herein of an appearance and an answer in the third party action without a reservation of rights under the policy constitutes either waiver or estoppel cannot be upheld. These actions only protected Carpenter & Paterson, Inc. from default and fall far short of the conduct of a complete trial on the merits up to verdict in such cases as Sauriolle v. O'Gorman, 86 N. H. 39, 163 A. 717 relied on by defendants.

Reliance was also placed on the rule mentioned and applied in Farm Bureau Mutual Ins. Co. v. Geer, 107 N. H. 452, 224 A. 2d 580, and cases cited that waiver and estoppel cannot be used to bring within coverage risks not included in the terms of the policy or to create a primary liability. Since no waiver or estoppel exists it is unnecessary for us to consider this argument.

*Exceptions sustained in part and overruled in part.*

All concurred.