**AUTOMOBILE CLUB INSURANCE COMPANY, Plaintiff,**

v.

**Willie E. CRAIG et al., Defendants.**

**No. 1801.**

United States District Court,
E. D. Kentucky,
London Division.

March 29, 1971.

Hamm, Taylor, Milby & Farmer, London, for plaintiff.

Cawood Smith, G. E. Reams, Harlan, for defendants.

---

## MEMORANDUM OPINION

MOYNAHAN, Chief Judge.

This action arises from a policy of automobile insurance issued by the plaintiff to Willie E. Craig. The insurer seeks a judgment declaring that it is not obligated to satisfy any judgment resulting from the death of Mattie L. Craig, the wife of the insured. The defendants include Willie E. Craig, the insured; Lucinda Hensley, the administratrix of the estate of Mattie L. Craig; and Walter Lee Craig, the son of Willie E. and Mattie L. Craig.

From the pleadings, it appears that on July 22, 1968, Walter Lee Craig was operating an automobile owned by his father and in which his mother was riding as a passenger. On that occasion an ac-cident occurred, allegedly as a result of Walter Lee Craig's negligent operation of the automobile, in which accident Mattie L. Craig was fatally injured. An action for wrongful death was brought in the Harlan Circuit Court, Harlan County, Kentucky, on behalf of the estate of Mattie L. Craig against Walter Lee Craig. Upon the commencement of the aforesaid action, the plaintiff brought the instant action, seeking to avoid liability for any judgment which might be rendered against the defendant in the state court action.

At the time of the accident, Walter Lee Craig was serving in the Armed Forces. He was 23 years of age and was "on leave" from the service following his return from duty in Viet Nam.

Although the plaintiff admits that the subject insurance policy was in effect and covered the automobile involved on the date of the accident, it contends that language in the policy excluding liability coverage for bodily injury to the insured or to members of the family of the insured residing in the same household absolves it from liability for damages resulting from the death of Mattie L. Craig. The defendants dispute the plaintiff's contention, and further argue that, if the plaintiff's contention is valid, the automobile was uninsured within the meaning of the uninsured automobile coverage of the subject policy and within the meaning of K.R.S. 304.-682(2).

The plaintiff is a corporate citizen of Ohio, and not of Kentucky, and the defendants are all citizens of Kentucky. Although following the commencement of this action, judgment was rendered in the state court in the amount of $5,000.00 on behalf of the estate of Mattie L. Craig, at the time this action was brought, the demand outstanding in the state court action exceeded $50,000.00. As the plaintiff's liability limits under the subject policy were $20,000.00 per person, this Court has jurisdiction of the action under the provisions of 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201.

The plaintiff has filed a motion for summary judgment; the administratrix of the estate of Mattie L. Craig has likewise filed a motion for summary judgment; appropriate memoranda have been filed on behalf of all parties; and the record is now before the Court for, determination of the issues presented by the respective motions for summary judgment. Although both sides to the litigation have raised issues other than those heretofore mentioned, the Court's disposition of the matter renders discussion of those issues unnecessary.

By its terms the policy in question provides liability insurance coverage to "the named insured and any resident of the same household" and to "any other person" using an automobile with the permission of the named insured. There is expressly excluded from such coverage, however, "bodily injury to the insured or to any member of the family of the insured residing in the same household as the insured". The uninsured automobile coverage of the policy excludes from its definition of uninsured automobile any "automobile owned by the insured". The respective contentions of the parties raise a question of fact as to whether or not Walter Lee Craig was, at the time of the accident, a resident of the household of his father. Hence, to the extent that the insurer seeks to avoid liability on the theory that Walter Lee Craig was then residing in the same household as his father, summary judgment would be inappropriate. However, there appears to be no real question that Mattie L. Craig was, at the time of the accident, a member of the family of the insured residing in the same household. Thus, it is clear that by its terms the subject policy did not provide liability coverage for her bodily injury or resulting death. The Kentucky courts have upheld such exclusions, and, as stated by Judge Palmore, speaking for the Court in Third National Bank of Ashland v. State Farm Mut. Auto. Ins. Co., 334 S.W.2d 261, at page 263 (Ky.1960):

" * * * the clear purpose of the exclusion was to protect the insurer from over-friendly lawsuits, which nearly always would exist where plaintiff and insured defendant are bound by ties of kinship and are living together."

A later case, in which an exclusion quite similar to that contained in the subject policy was approved, is Kentucky Farm Bureau Ins. Co. v. Harp, 423 S.W.2d 233 (Ky.1967). It therefore follows that the plaintiff is not liable, under the liability coverage of the subject policy, to pay any judgment rendered against Walter Lee Craig as a result of the wrongful death of Mattie L. Craig.

Not so easily answered is the question of whether, by virtue of the foregoing exclusion, the plaintiff is liable under the uninsured automobile coverage of the policy. Relevant to this question are the provisions of K.R.S. 304.682, since repealed, which required that uninsured motor vehicle coverage be written in every policy of liability insurance insuring a motor vehicle registered or principally garaged in Kentucky. A portion of K.R.S. 304.682(2) defined an uninsured motor vehicle as "an insured motor vehicle to the extent that the amounts provided in the liability coverage applicable at the time of the accident is denied by the insurer writing the same". In Meridian Mutual Insurance Company v. Siddons, 451 S.W.2d 831 (Ky.1970), the court held that to the extent that the uninsured motor vehicle provisions of a policy conflict with the provisions of K.R.S. 304.682, the statutory language must prevail. If the most literal reading of the statute were applied in the present case, one could logically conclude that because the family exclusion clause absolves the liability insurer from coverage as to the particular accident, the automobile is thus an uninsured motor vehicle as defined by the statute, the language of the policy notwithstanding, and that, therefore, the insurer is liable to the estate of Mattie L. Craig under its uninsured automobile coverage. However, if such a reading of the stat-

ute were applied, insurers would be effectively precluded from protecting themselves from liability arising from intrafamily litigation. No language in the statute evinces such an intent on the part of the Legislature, and, in the opinion of the Court, the purpose of the statute does not dictate such a result. Although the Kentucky courts have, apparently, never considered the matter, in Kentucky Farm Bureau Ins. Co. v. Harp, *supra*, the court did approve, in a different context, a family exclusion provision during the period in which the statute was in effect.

For the foregoing reasons, the motion of the defendant, Lucinda Hensley, Administratrix of the estate of Mattie L. Craig, for summary judgment should be overruled, and the plaintiff's motion for summary judgment should be sustained. It appears that the defendants' motion for leave to file an amended answer to the amended complaint and the plaintiff's motion for leave to file an amended reply to the defendants' counterclaim are hereby rendered moot, and each of said motions should, therefore, be overruled.

An Order and Summary Judgment in conformity herewith will be this day entered.