487 P.2d 852

**STATE FARM MUTUAL AUTO INSUR-
ANCE COMPANY, Plaintiff
and Appellant,**

v.

**Richard KAY and Myrtle L. Kay,
Defendants and Respondents.**

**No. 12300.**

Supreme Court of Utah.

July 28, 1971.

L. L. Summerhays, of Strong & Hanni, Salt Lake City, for plaintiff-appellant.

John L. Black, D. M. Draper, Jr., W. Brent Wilcox, Salt Lake City, H. Grant Ivins, American Fork, for defendants-respondents.

CALLISTER, Chief Justice.

Plaintiff insurer initiated this declaratory judgment action to determine its liability and duty to afford a defense to its insured, Myrtle L. Kay, under an automobile liability policy.

On August 4, 1968, Myrtle L. Kay, while operating her automobile, either fell asleep or suffered a blackout, and ran her vehicle off the highway and into a dirt embankment. She and her passenger, Richard Kay, sustained severe injuries in this accident. Richard Kay, single, age 35 years, is the son of Myrtle L. Kay and has resided with her for the past eleven years, since his return from the army. Richard was employed at Geneva Steel Corporation and had an arrangement with his mother, whereby he gave her his entire paycheck; in return, she provided him with room, board, transportation and other necessary expenses. The mother either drove her son to work or gave him the bus fare; on the day of the accident she was performing her duty by the former method. Under the medical coverage provision of the liability policy, each injured person received the maximum of $5000; however, Richard's medical expenses exceeded this amount.

Subsequently Richard, through counsel, asserted a claim for his injuries to State Farm. By a letter dated May 1, 1969, a field claims representative notified Rich-

ard's counsel of the following exclusion in the policy:

> This insurance does not apply under: (i) Coverage A to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; * * *.

Thereafter, on July 15, 1969, Richard filed an action against his mother, alleging her negligence in causing the accident and claiming damages in the sum of $121,000. The complaint did not state the relationship of the parties nor did Richard's address appear thereon. Myrtle was served on the 17th of July, 1969, and she submitted the defense of the action to her insurer. Counsel for State Farm filed an answer on August 1, 1969. On August 29, 1969, State Farm took Richard's deposition, which was signed by Richard on September 17, 1969. On October 23, 1969, State Farm filed this declaratory judgment action, asserting (1) that no liability could exist under the terms of the policy because of the exclusion of coverage of the insured for bodily injury to a member of the family of the insured residing in the same household, and (2) that inasmuch as there was no coverage, there was no duty to defend the insured.

Defendants asserted that State Farm was estopped to deny coverage, since it unconditionally assumed the defense of Myrtle L. Kay without taking any reservation of rights, although it possessed knowledge of the defense as evidenced by the letter from the field claims representative. All of the parties filed motions for summary judgment. The trial court ruled as a matter of law that Myrtle L. Kay had been prejudiced and that State Farm was estopped to deny coverage. Defendants were granted judgment; plaintiff appeals.

The parties stipulated that State Farm neither interviewed Richard Kay nor took his statement prior to his deposition. The trial court found that Myrtle's interests had been prejudiced as a matter of law by the facts revealed by her in answer to an interrogatory propounded by plaintiff. Mrs. Kay responded that she had given a complete statement to her insurer regarding the accident and how it occurred. When she was served, she delivered the summons and complaint to her insurer, which thereafter filed an answer, although insurer's counsel did not confer with her by telephone or conference concerning her defense. She asserted that had she known that insurer's counsel would seek to represent conflicting interests, she would have procured her own counsel initially. She claimed that by insurer's counsel entering an appearance, she lost the right to control and manage her own case and the right to the individualized attention by counsel of her own choice and the opportunity to settle or compromise the claim. She conclud-

ed that she was induced by State Farm to refrain from using such means or taking such action as lay in her power from the time of the accident until the matter was set for trial on January 12, 1970.

Defendants have emphasized that State Farm unconditionally undertook Mrs. Kay's defense without giving any notice of reservation of rights.

In Apex Mutual Insurance Company v. Christner,[1] the court observed that quite often an insurer is faced with a dilemma as to whether to defend or refuse to defend. The court suggested that in cases of doubt, the insurer could (1) seek a declaratory judgment as to its obligations and rights or (2) defend under a reservation of rights. The court stated that the purpose of the declaratory judgment procedure was to resolve the issue of policy coverage with finality either prior to the commencement of suit by the injured party or while such suit was pending.

In order to effectuate a result consonant with the insurer's right to defend and fairly to protect if from the strictures of estoppel *in pais,* the court determined that personal service in the declaratory action brought by the insurer would preserve those defenses enumerated in the complaint for declaratory relief even though the insurer, without objection by the insured, continued to represent its insured in the injury action.

The court stated:

A complaint for declaratory relief is an unequivocal assertion of non-liability by the insurer. Personal service affords the insured a formal and proper notice. To require a reservation of rights in addition would result in a redundancy which the law does not and should not require. The declaratory judgment route impresses us as being eminently sound, as the insurer may preserve its defenses without losing its right under the contract to represent its insured if the defense is found invalid, and the insured is not forced to employ private counsel unless he opts so to do.

Did the trial court err in its conclusion that the facts cited by Mrs. Kay prejudicially affected her interests as a matter of law and thus State Farm was estopped to deny coverage?

▮ The entry of an appearance for the insured by the insurer does not of itself constitute a waiver of available defenses, for the insurer is entitled to a reasonable time to investigate the facts. However, the insurer is required to act seasonably in disclaiming liability, and it cannot delay its decision so long that the insured's rights are prejudiced thereby.[2]

---

1. 99 Ill.App.2d 153, 140 N.E.2d 742, 747, 748, 750 (1968).

2. 7A Appleman, Insurance Law and Practice, § 4693, pp. 529–530; 14 Couch on

Another concept, which should be interjected at this point, is that where the facts alleged in a complaint against the insured support a recovery for an occurrence covered by the policy, even though the insurer has knowledge that the injury is not in fact so covered, it is the insurer's duty to defend unless relief is obtained by way of a declaratory judgment.[3] In the instant case, State Farm emphasized that there was nothing in the complaint of Richard Kay to indicate his familial relationship or common residency with the defendant insured.

In Boulet v. Millers Mutual Insurance Assn. of Ill.[4] the court cited the law of Minnesota, which is to the effect that where an insurance company assumes the defense of an action or claim, with knowledge, actual or presumed, of a defense of nonliability under the policy, and conducts the action to *final judgment*, or the claim to *settlement*, it is estopped from raising the defense of noncoverage. Prejudice, which is an essential element in an estoppel, is, in such a case, conclusively presumed to have resulted to the insured by the conduct of the insurer. But where the insurer disclaims and withdraws prior to final judgment or settlement, prejudice to the insured is not presumed, and the insurer is not estopped from raising the defense of noncoverage without proof by competent evidence that the insured was actually prejudiced by its conduct. The test in such a case is whether the insured is left an adequate opportunity to defend, and mere delay in making a disclaimer is not enough.

In the Boulet action, the counsel for the insurer had served an answer, conferred with a deponent and attended her deposition, agreed to share the costs of an adverse medical examination, and accepted service of a cross-claim. The court concluded that the record was devoid of evidence indicating that the insurer's assumption of the defense or its subsequent withdrawal resulted in any prejudice to the insured. The court stated that the insured's attorney subsequently had reasonable and adequate time to prepare a defense and that he could have requested a continuance of the trial if he had needed additional time.

The New York rule is similar to the Minnesota rule cited in the Boulet case. In Callahan v. American Motorists Insurance Co.,[5] the court cited circumstances which would create a jury question as to whether the assured has been prejudiced

Insurance (2d) § 51:162, pp. 653–655; 38 A.L.R.2d 1151, Anno: Liability Insurance—Waiver—Estoppel, § 2; Home Indemnity Co. v. Godley, 122 Ga.App. 356, 177 S.E.2d 105, 110 (1970); Stillwell v. Iowa National Mutual Insurance Co., 205 Va. 588, 139 S.E.2d 72 (1964).

3. Commercial Insurance Co. of Newark, N. J. v. Pressley, 53 Cal.Rptr. 220, 225, (Cal.App., 1966).

4. 362 F.2d 619, 622–623 (C.A. 8th 1966).

5. 56 Misc.2d 734, 289 N.Y.S.2d 1005, 1009–1010 (1968).

by the insurer's tardy disclaimer, e. g., withdrawal from the defense of the action when the liability case has reached the ready calendar resulting in what the assured's privately retained counsel described as inadequate time to prepare a defense; lack of reasonable opportunity to negotiate a settlement because of the ready status of the case; and lack of a reasonable opportunity to gather and preserve evidence and to institute certain pretrial procedures.[6]

A case in point is Peninsula Insurance Company v. Knight,[7] wherein the insured was involved in an accident on May 14, 1966; his parents were passengers in his vehicle and were injured. Two days after the accident, the insured gave a statement to the insurer's adjuster in which the insured stated that he had been living with his parents for two months. On June 1, 1967, the insured's parents filed suit against him; counsel for the insurer entered an appearance in this action. The insurer's counsel was unaware that the insured had been living with his parents, until, on November 1, 1967, he was reviewing the answers to some interrogatories. Thereafter the insurer filed a declaratory judgment action, to which the defendants responded that the insurer was estopped to deny coverage. They urged that the insurer had waived its right to interpose the family exclusion-ary clause because it had undertaken the defense of the insured. The court found these facts insufficient to support an estoppel.

In the instant action, there is nothing in the record to indicate that Mrs. Kay was deprived, by the conduct of State Farm, of an opportunity to prepare an adequate defense before trial or in the alternative to effect a settlement with her son. There were no assertions that her own counsel would have inadequate time to prepare a defense or that he lacked a reasonable opportunity to gather and preserve evidence or to institute certain pretrial procedures. We are compelled to conclude that the trial court erred in its determination that Mrs. Kay's interests had been prejudicially affected by the conduct of State Farm.

Defendant Richard Kay further urges that the family exclusion provision is ambiguous and should be strictly construed against State Farm. He contends that the term "family" is not defined in the policy and that such a term does not include an emancipated son of 35 years who pays his mother for room, board, transportation and other expenses. In the alternative, he asserts that the family and household exclusion clause is void as a matter of public

6. Also see American Insurance Co. v. Nationwide Mutual Ins. Co., 270 A.2d 907, 910–911 (N.H.1970).

7. 254 Md. 461, 255 A.2d 55 (1969).

policy on the grounds that it is arbitrary and has no valid, legal purpose.

The same type of argument was asserted in State Farm Mutual Automobile Ins. Co. v. Phillips,[8] wherein claimant, the 23-year-old son of insured, was employed as a hired hand on his father's ranch, and, as a condition of his employment, the son was required to occupy rooms in his father's home. Claimant asserted the exclusionary clause was ambiguous and inapplicable to an employee, whether or not related to the insured, who was obliged to be a member of the employer's household. He urged that there were two elements essential to establish the existence of a family that were lacking, namely, parental control by the father of the son and dependency for support by the son on his father.

The court responded:

* * * The majority rule upholds the validity and application of exclusionary provisions in factual situations substantially similar to the facts in the present case. See 50 A.L.R.2d 108, at 120; 50 A.L.R.2d 110, Later Case Service. A review of the numerous cases therein cited leads this court to the conclusion that in considering the construction of any exclusionary clause in a liability insurance policy, the purpose and intent of the insurer in inserting the particular clause must be considered. The exclusion in question is a so-called "household or family exclusionary clause", the purpose of which is not only to protect insurers from collusion which might possibly arise in intrafamily suits but also to protect them from the natural tendency of one insured to strengthen or enlarge the case against him when it involves members of his household and family. There is a natural disposition to favor those in one's household and close members of one's family. The practical impossibility facing an insurer in defending such an action is readily apparent, and explains why this type of exclusion is inserted in a policy. * * *

The court determined that the exclusion, when read in connection with other provisions of the insuring agreement, clearly indicated that there was no intent to provide coverage for injuries to members of the family of insured residing in the same household as the insured. The court held as a matter of law that the claimant-son was within the exclusionary clause.[9]

 We hold that under the facts of this case, Richard Kay was within the exclusionary clause, which does not violate public policy.

---

8. 2 Wash.App. 169, 467 P.2d 189, 193–194 (1970).

9. Also see Peninsula Insurance Company v. Knight, note 7, supra; 12 Couch on

Insurance (2d) § 45:509, p. 489; § 45:511, p. 490; § 45:523, p. 497; § 45:524, p. 498.

The judgment of the trial court is reversed, and judgment for the plaintiff is granted. Plaintiff is awarded its costs.

TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (concurring and dissenting).

I concur in that part of the decision which reverses and remands the case to the trial court but dissent from the granting of a summary judgment to the plaintiff. Mrs. Kay claims that she was prejudiced in that the appellant assumed the control of defense of her cause for more than three months and thereby prevented her from making a settlement with her son, etc.

This would seem to present an issue of fact; and while it may be a matter which will be difficult to prove, nevertheless I doubt that we can say as a matter of law that it is not true.

There is another principle of law involved in this matter which prompts me to dissent from ordering a summary judgment for the appellant, to wit: The order denying its motion for summary judgment is not an appealable matter.[1] It is not a final judgment. I, therefore, think the matter should be remanded to the trial court for such further proceedings as may be proper.

CROCKETT, J., concurs in the opinion of ELLETT, J.

[1]. Doehler Metal Furniture Co. v. United States, 2·Cir., 149 F.2d 130; 3 Barron & Holtzoff, Federal Practice § 1242.