513 P.2d 1372

Richard KAY, Plaintiff and Respondent,

v.

Myrtle L. KAY and State Farm Mutual Insurance Company, Defendants and Appellant.

No. 13103.

Supreme Court of Utah.

Sept. 6, 1973.

L. L. Summerhays, of Strong & Hanni, Salt Lake City, for State Farm Mutual.

John L. Black and Gary E. Atkin, Salt Lake City, for Myrtle Kay.

Heber Grant Ivins, American Fork, W. Brent Wilcox, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action against his mother to recover damages for the injuries he sustained while riding with her in a one-car accident. The mother's liability insurer, State Farm Mutual, filed a declaratory judgment action against both mother and son to determine its liability under the liability policy carried by Myrtle Kay, as owner and operator of the vehicle described in the policy schedule, which was involved in the accident. Richard Kay was a resident of his mother's household, and an exclusion in the liability section of the policy provided that the insurance did not apply to bodily injury to any member of the family residing in the same household as the insured. Upon appeal, this court held that under the facts of the case Richard Kay was within the exclusionary clause, which did not violate public policy.[1] Thereupon, plaintiff amended his complaint and joined State Farm as an additional defendant, claiming that he was entitled to recover under the uninsured motorist coverage of his mother's policy.[2] State Farm moved for summary judgment, which was denied. The action was tried before a jury on its merits; a verdict was rendered in favor of plaintiff; and judgment was entered against both defendants jointly and severally. State Farm, alone, appeals.

Plaintiff prevailed before the trial court on the theory that as to him, his mother was an uninsured motorist operating an uninsured vehicle, since the family or household exclusion clause absolved the liability insurer from coverage in this particular accident. Plaintiff successfully claimed that a provision in the policy under the uninsured motorist coverage, which stated that the term "uninsured automobile" shall not include an automobile defined in the policy as an "insured automobile" was void and in violation of the man-

1. State Farm Mutual Insurance Co. v. Kay, 26 Utah 2d 195, 487 P.2d 852 (1971).

2. State Farm elected to remain in the action and did not invoke the ruling of Christensen v. Peterson, 25 Utah 2d 411, 483 P.2d 447 (1971), wherein this court held that it was improper to join the uninsured motorist insurer as a party defendant with the tort-feasor.

date of Section 41–12–21.1, U.C.A.1953, as amended 1967.

Section 41–12–21.1 provides:

Commencing on July 1, 1967, no automobile liability insurance policy . . . shall be delivered . . . unless coverage is provided in such policy or a supplement to it, in limits for bodily injury or death set forth in section 41–12–5, under provisions filed with and approved by the state insurance commission for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury . . . resulting therefrom . . . .

The foregoing section does not define an "uninsured motor vehicle;" however, this section is part of the Motor Vehicle Safety Responsibility Act and its coverage is correlated with Section 41–12–5 of the act.[3] Section 41–12–5(c) provides for the posting of security or the suspension of the operator's license and the motor vehicle registration of such operator upon report of a motor vehicle accident which had resulted in bodily injury. These provisions are not applicable "(1) to such operator or owner if such owner had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident; . . . ." This section further provides that for such a policy to be effective under this section it must be issued by an insurance company authorized to do business in this state and provide certain minimum monetary limits of coverage.

Myrtle Kay, as owner and operator, had in effect an automobile liability policy with respect to the motor vehicle involved in the accident in which plaintiff sustained his injuries. Plaintiff has not claimed that such policy did not comply with the statutory requirements of Section 41–12–5. Since defendant Kay was exempt from the sanctions of Section 41–12–5 by having in effect her liability policy on her motor vehicle, her vehicle may not be deemed an "uninsured vehicle" under the Safety Responsibility Act. The uninsured motor vehicle coverage is, in effect, a substitute liability policy by which the insurer becomes liable for the negligence or fault of the uninsured motorist; it is a guaranty contract in that it is a promise to answer for the debt, default, or miscarriage of another person.

State Farm was contractually bound to provide liability coverage; however, there was an exclusion. The household or family exclusion is for the purpose of protecting insurers from collusion which might arise in intrafamily disputes and from the

---

3. Lyon v. Hartford Accident and Indemnity Company, 25 Utah 2d 311, 315, 480 P.2d 739 (1971).

natural tendency of the one insured to strengthen or enlarge the case against him when it involves members of his household and family. The practical impossibility facing an insurer in defending an action of this type explains the necessity of including an exclusion in the policy.[4] Since there is a valid public policy to support this exclusion from liability coverage, it would be nonsense for this exclusion to constitute a ground to activate the substituted liability coverage under uninsured motorist provisions. The uninsured motorist coverage would become a device to nullify household exclusion clauses. There is nothing in the Safety Responsibility Act that mandates such a result.[5]

Since State Farm is not obliged to plaintiff under the uninsured motorist coverage of the policy, the other points raised on appeal by State Farm need not be discussed. The judgment against State Farm is reversed, and this case is remanded with an order to enter a judgment in favor of State Farm. State Farm is awarded its costs.

HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur in the decision, but desire to add these comments: It seems plain enough that it can be accepted as a fact that the main purpose of Myrtle Kay taking out and paying premiums on this insurance policy was that she would thus become an "insured motorist" instead of an "uninsured motorist." The difficulty here confronted has arisen because of the apparent conflict between two provisions of the policy: on the one hand, the extension of coverage to occupants of the automobile injured by an "uninsured motorist;" and on the other, the exclusion of members of the family.

It has been determined that the plaintiff was a member of the family.[1] Therefore the family exception would seem to clearly exclude him from coverage. However, he argues, not without considerable plausibility, that because he was so excluded the effect is that, *as to him*, his mother was an "uninsured motorist."

The problem to be confronted and resolved here is: which of the two provisions stated above should be given priority. In order to determine that question it is

---

4. State Farm Mutual Insurance Co. v. Kay, footnote 1, supra.

5. Automobile Club Insurance Co. v. Craig (D.C.E.D. Ky. 1971), 328 F.Supp. 988. (1971); Allen v. West American Insur. Co., Ky., 467 S.W.2d 123 (1971); Lammers v.

State Farm Mutual Automobile Insur. Co., 48 Ala.App. 36, 261 So.2d 757 (1972); Holt v. State Farm Mutual Insur. Co., Tenn., 486 S.W.2d 734 (1972).

1. Footnote 1, main opinion.

proper to look at the entire contract;[2] and where provisions appear to be overlapping or in conflict, to give them weight and priority in accordance with the main thrust and purpose of the contract; and this sometimes involves consideration of public policy.

We should proceed upon the assumption, as noted above, that the main purpose of the taking out and issuance of the policy was that Myrtle Kay would be an "insured motorist;" and that she in fact had in force a policy in conformity with law.[3] The exclusion as to coverage of members of the family is an essential and well justified exclusion, for reasons stated in the main opinion. As compared to this: the coverage for injury caused by an "uninsured motorist" is a comparatively recent innovation in insurance and in law, and its general purpose was to extend insurance to take care of injuries resulting from accidents with other cars where there was no insurance coverage. If the plaintiff's contention were accepted, it would result in this extension of coverage defeating the primary purpose of the policy which was to make his mother Myrtle Kay an "in-

sured motorist," and would render meaningless the reasonable and justified exception as to "members of the family."

Consistent with what has just been said, and further persuasive of our conclusion, is the fact that the policy also provides that:

The term "uninsured automobile" shall not include:

An automobile defined herein as an "insured automobile."

In this regard it is noted that the automobile driven by the insured, Myrtle Kay, was the automobile described as the insured automobile in the policy.

It is my judgment that when the entire picture is analyzed in the light of what has been said in the main opinion, and in this supplement thereto, it cannot reasonably be concluded from the insurance contract that the "uninsured motorist" extended coverage was intended to defeat the main purpose of the policy: that of making the primary insured, Myrtle Kay, an "insured motorist," nor of obviating the express exclusion as to members of the family.

2. Seal v. Tayco, 16 Utah 2d 323, 400 P.2d 503; Davenport v. Dickenson, 211 Kan. 306, 507 P.2d 301; Kasten v. Rod Enterprises, 268 Md. 318, 301 A.2d 12.

3. The generality is sometimes stated that if the company denies liability the motorist is "uninsured." See e. g., General Accident Fire & Life Assurance Corp. v. Aetna Casualty & Surety Co., 208 Va. 467, 158 S.E.2d 750.

However, this is subject to exceptions, which I regard the fact situation in this case as being one, particularly so because there was in force a policy conformable to law. See Aetna Casualty & Surety Co. v. Kellam, 207 Va. 736, 152 S.E.2d 287; and McCarthy v. Motor Vehicle Acc. Indem. Corp., 16 App.Div.2d 35, 224 N.Y.S.2d 909; Couch on Insurance 2d Sec. 45 :634.