[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD
This is an application to vacate an arbitration award filed by the plaintiff pursuant to General Statutes Section 52-418(a)(4). The plaintiff seeks (1) an order vacating the arbitration award and (2) an order awarding the plaintiff the sum of $18,334.00.
The plaintiff claims that the arbitrator exceeded his powers and/or imperfectly executed them by incorrectly applying the law of this state. The defendant denies the plaintiff's claims and requests the court to confirm the arbitration award.
The parties entered into a stipulation of facts in connection with the submission to arbitration, including the following: On June 8, 1988, the plaintiff's defendant, Donna Szady, 20, was a passenger on a motorcycle owned by Stanislaw Skawinski. Skawinski was operating his motorcycle in an easterly direction on Main Street, Route 6, CT Page 2817 in Plymouth, Connecticut, and the motorcycle crossed the center line of Route 6 while heading eastbound and collided with an oncoming vehicle. The plaintiff's decedent died as a result of injuries sustained in the accident. At the time of the accident, Skawinski was insured under the defendant Foremost Insurance Company Policy No. 2760014511981. The policy had no bodily injury liability coverage for passengers occupying or riding on the motorcycle and the defendant denied a claim by the plaintiff for bodily injury resulting in death in connection with the accident. The policy had $20,000.00 in uninsured motorist coverage, under which the maximum exposure of the defendant to the plaintiff's decedent was $18,334.00.
The pertinent language of the policy states:
PART C — UNINSURED MOTORIST COVERAGE
INSURING AGREEMENT
 We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by a covered person, and 2. Caused by an accident. . . .
 "Covered person" as used in this Part means: 1. You or any family member. 2. Any other person occupying your covered auto. . . .
 "Uninsured motor vehicle" means a land motor vehicle. . .
 (4) To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
(a) denies coverage; . . .
 However, "uninsured motor vehicle" does not include any vehicle or equipment:
 1. Owned by or furnished or available for the regular use of you or any family member. . . .
The arbitrator found that Skawinski's motorcycle CT Page 2818 was not an "uninsured motor vehicle" within the meaning of the definition of "uninsured motor vehicle" in the policy. The arbitrator, therefore, found that the plaintiff was not entitled to recover uninsured motorist benefits under the policy.
The plaintiff argues that Donna Szady is a "covered person" under the uninsured motorist provisions of the policy issued to Stanislaw Skawinski. The plaintiff further argues that the motorcycle at issue is an "uninsured motor vehicle" under the policy and that there are no applicable exclusions preventing plaintiff from recovering under the policy. The defendant argues that the policy definition of "uninsured motor vehicle" is valid and that, under that definition, the motorcycle at issue is not an "uninsured motor vehicle."
Because the question presented to the arbitrator was a question of law, the question presented to this court is a question of law. The standard for judicial review of an arbitration award in such a situation is that "the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco, 205 Conn. 178,191 (1987).
As an initial matter, it must be determined whether Donna Szady is a "covered person" under the uninsured motorist provisions of the policy issued to Stanislaw Skawinski. A "covered person" is defined in the policy to include "(a)ny . . . person occupying your covered auto." "Your covered auto" is defined, in the section of the policy entitled "Additional Provisions Endorsement" as "(a)ny motorcycle shown in the Declarations or the Schedule." The motorcycle identified in the Declarations is the 1983 Honda motorcycle involved in the present dispute. Therefore, Donna Szady is a "covered person" under the uninsured motorist provisions of the policy.
The plaintiff argues that the motorcycle involved in this accident was an "uninsured motor vehicle" because the defendant, the liability carrier for the owner of the motorcycle, has denied coverage for the accident. According to the plaintiff, denial of liability coverage under the policy triggers the applicability of uninsured motorist coverage. The plaintiff admits that it has found no Connecticut appellate cases on point, but suggests that the court look to the decisions of other jurisdictions in support of its position. CT Page 2819
There is a split of authority regarding whether the denial of liability coverage based on a policy exclusion automatically triggers the applicability of the uninsured motorist coverage. See 1 Widiss, Uninsured and Underinsured Motorist Insurance, Sec. 5.8 et. seq. (2nd ed. 1985).
There are cases in which an insurance company denies liability coverage to a passenger and the court subsequently denies recovery under the uninsured motorist provisions. See, e.g., Farmers Allianae Mut. Ins. Co. v. Bakke,619 F.2d 885 (10th Cir. 1980) (motorcycle passenger, who sustained injuries in a collision between an automobile and the motorcycle driven by the insured's son, could not claim against uninsured motorist coverage of the insured, whose motorcycle policy excluded passengers from coverage); Liberty Mutual Ins. Co. v. Lund, 403 Mass. 1006,530 N.E.2d 166 (1988) (fact that automobile liability policy excluded coverage for injuries to guest occupants of insured automobile did not mean that vehicle was uninsured for loss occasioned by death of guest passenger in one-vehicle accident; therefore, uninsured motorist provision did not apply to cover passenger's death).
In Hartford Accident Indemnity Co. v. Fonck,344 So.2d 595 (Fla.App. 1977), cert. denied, 359 So.2d 1214 (1978), the plaintiffs employee was injured in an accident involving his employer's truck which had been parked in a negligent manner by his fellow employee. The truck was insured by the defendant insurance company for both liability and uninsured motorist coverage. Since a fellow employee exclusion in the policy precluded the plaintiff from recovering under direct liability coverage, the plaintiff sought to recover under the employer's uninsured motorist coverage. In disallowing the claim, the court stated that "(w)ith a valid exclusion to coverage in respect to liability, it seems incongruous that this same exclusion would not also apply to the uninsured motorist protection in this instance where Fonck was an insured solely by virtue of his status as an employee and was claiming under his employer's policy." Id. at 596. The Court concluded:
 Since Fonck was an insured under the (defendant's) coverage solely by reason of his status as an employee, he was not entitled to a recovery under the uninsured coverage in the policy which expressly excluded him from recovering under the direct liability coverage. Since liability insurers are required to offer uninsured CT Page 2820 motorist coverage, to hold otherwise would effectively nullify the fellow employee exclusion.
Id. at 597.
In Kay v. Kay, 30 Utah 2d 94, 513 P.2d 1372
(1973), the plaintiff, who was injured in a one-car accident while riding with his mother, brought suit against her and against her automobile liability insurer, seeking to recover under the policy's uninsured motorist clause. The plaintiff was a resident of his mother's household, and an exclusion in the liability section of the policy provided that the insurance did not apply to bodily injury to any member of the family residing in the same household as the insured. In rejecting the plaintiff's claim for uninsured motorist coverage, the court stated:
 (The insurer) was contractually bound to provide liability coverage; however, there was an exclusion. The household or family exclusion is for the purpose of protecting insurers from collusion which might arise in intrafamily disputes . . . Since there is a valid public policy to support this exclusion from liability coverage, it would be nonsense for this exclusion to constitute a ground to activate the substituted liability coverage under uninsured motorist provisions. The uninsured motorist coverage would become a device to nullify household exclusion clauses.
Id. at 1373; see also Reid v. State Farm Fire Cas. Co.,352 So.2d 1172 (Fla. 1977) (family car involved in accident was insured and did not become uninsured because liability coverage was unavailable to a particular individual due to family household exclusion).
The Fonck and Kay cases are analogous to the present situation, in which there is a valid exclusion from liability coverage for passengers on the insured motorcycle. This exclusion is permitted by Connecticut Insurance Regulation Section 38-175a-5(c)(12), the validity of which has not been challenged by the plaintiff. If the plaintiff were allowed to recover, the liability exclusion for motorcycle passengers would be rendered a nullity.
The denial of uninsured motorist coverage CT Page 2821 because of a valid exclusion from liability coverage is not effected by the inclusion of language similar to the language included in the policy in the present case that an "uninsured motor vehicle" means a land motor vehicle to "which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company . . . denies coverage." See, Watts v. Preferred Risk Mut. Ins. Co., 423 So.2d 171, (Ala. 1982); Harrison v. MFA Mut. Ins. Co., 607 S.W.2d 137 (Mo. 1980).
Other courts, however, have rejected the denial of uninsured motorist coverage where there is a valid exclusion from liability coverage, usually on the basis that a limitation on uninsured motorist coverage is contrary to the public policy established by the state's uninsured motorist legislation. Widiss, supra, Sec. 5.8.
The reasoning of these courts is illustrated in Barnes v. Powell, 49 Ill.2d 449, 275 N.E.2d 377 (1971), the case primarily relied upon by the plaintiff. In Barnes, the plaintiff, co-owner of an automobile, sued for personal injuries suffered by her while riding as a passenger in the car and which was being driven by a third person. The automobile insurance policy had been issued to the plaintiff's husband, who was the co-owner of the vehicle. Due to specific exclusions in the policy, the plaintiff was not entitled to recover under the liability provisions of coverage following a one-car accident in which the driver was the tortfeasor. In allowing recovery under the uninsured motorist provisions, court stated at pages 379-80:
 We find that the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage. The distinction that the uninsured motorist was the driver of the automobile in which the plaintiff was a passenger, rather than the driver of another automobile, is not decisive. As to this particular plaintiff, because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured. Because CT Page 2822 no liability insurance was applicable to the plaintiff at the time of the accident, her uninsured motorist coverage necessarily became effective in light of the legislature mandate.
The court finds that the better reasoned view is the former, and that the motorcycle at issue is not an uninsured motor vehicle because of the defendant's denial of bodily injury coverage. This is particularly true in view of the fact that denial of bodily injury liability coverage to motorcycle passengers is specifically authorized by Insurance Regulation Section 38-175a-5(c)(12).
For the reasons stated above, the court denies the plaintiff's motion to vacate the arbitration award and grants the defendants motion to confirm the arbitration award.
HENDEL, J.
Judgment enters in accordance with the foregoing Memorandum Of Decision Clerk